Morphy, J.
delivered the opinion of the court.
Hypolite Paloc, a member of the commercial firm of H. Paloc & Dufour, having absconded some time in 1839, proceedings were instituted against Mm by his creditors under the Act of 1826, for a forced surrender, and a syndic was appointed. This suit is brought by the latter to obtain the partition and sale of six houses and lots, alleged to have been held in common between the insolvent and this defendant. The latter, styling himself the liquidating partner of the late firm of H. Paloc & Dufour, claims the exclusive right of sell-[598] ing all this property in his said capacity. He avers that the lots and houses mentioned in plaintiff’s petition were paid for with partnership funds and belong to the partnership; that the creditors of the firm are to be paid out of the proceeds of this property in preference to the individual creditors of Paloc, and that plaintiff in his capacity is entitled to receive only the surplus of said proceeds, remaining after the payment of all the creditors of the firm. He prays that his right be recognized to sell this property and to receive all the proceeds thereof in order to liquidate the affairs of the firm.
The only question presented for our solution is, whether this property belonged to the firm of Paloc & Dufour, or to the two partners jointly and in their individual capacity.
The documentary evidence in the record shows that Hypolite Paloc and Charles Dufour became joint purchasers, each for one undivided moiety of a parcel of ground situated at the corner of Dumain and Burgundy streets, on which they caused the said six houses to be erected. The La. Code, art. 2777, provides, that “ a community of property does not of itself create a partnership however that property may be acquired; whether by purchase, donation, accession, inheritance or prescription.” If the parties had contemplated making in relation to this property an ordinary and particular partnership, they would no doubt have reduced it to writing and had it recorded, pursuant to article 2807 of the same Code. Can these lots be said to have become the property of the commercial partnership which at that time existed between these purchasers ? It is clear that they did not, nor was it intended by the *361 parties that they should, for the purchase was expressly made in the private names of the two partners. In their articles of co-partnership we find a clause which it was useless to insert, under our laws, but which shows the intention of the partners. It is in the following words: “ dans les mots operations aommereiales nous ne comprenons pas les achats de maisons, terrains ou esclaves, a moins de convention ultérieure.” Ho such subsequent [599] stipulation is shown, and if it was, we would disregard it, as being made in open violation of our laws, which do not allow commercial partnerships to deal in landed property. La. Oode, ai-t. 2796. Had these lots been bought in the name of the firm, they would have been joint, not partnership property. Skillman v. Parnell & al. 3 La. Rep. 494. But it is urged by defendant’s counsel, that these lots and houses having been almost entirely paid with partnership funds, the creditors of the firm of Baloc & Dufour are entitled to be paid in the proceeds of it in preference to those of the individual partners; that the syndic appointed by the separate creditors of Faloc, has no right to intermeddle with the property belonging to the creditors of the firm, that he is not their agent, and has not given security according to the Act of 3.837.
All these pretensions are predicated on the idea that the loan or advance of funds made by the firm to the individual partners to pay for or improve the lots thus purchased, transferred them in full property to the firm, and thus rendered them liable to the preference accorded by article 2794 of the La. Code, to the creditors of a partnership on partnership effects, over the separate creditors of each partner. But it is clear that admitting these payments to have been made by the firm, as attempted to be shown by extracts from the partnership books, they created an individual indebtedness of the partners towards the firm, but could by no means render the firm owner of the property thus paid for, or improved; nor do they confer on the firm or its creditors any privilege on the proceeds of the property. Paloc having failed, in contemplation of law, the proceeds of his undivided share in the property will form in the hands of the syndic a fund liable to the claims of all his creditors without distinction; for although by article 2794, the partnership creditors are privileged over the separate ones on the partnership effects, the latter have no such preference over the former on the separate and individual property surrendered by the insolvent member of a firm. [600] Morgan, v. his creditors, 8 Martin, N. S. 600. Hothing then prevented the creditors of the firm from appearing at the meeting before the notary and opposing the unanimous vote by which this syndic was dispensed with giving security. Admitting defendant’s right to manage and liquidate, alone and without control, the affairs of the firm, after its dissolution by the failure of Paloc, which right it is not necessary to question in this case, it by no means follows that he has also that of disposing of the separate property of his partner, although the latter may be indebted to the firm. If he had such right, he would have more power after the dissolution of the partnership than he had before; for neither partner could have disposed of the whole property without the consent of the other. The only right which each of the joint owners had in relation to the sale of this property, in case of a disagreement, *362 was to ask for a partition. This right, which was in Paloc, has passed to his creditors by the forced surrender, and is now properly sought to be exercised by their legal representative.
It is therefore ordered, that the judgment of the parish court be annulled and reversed; and this court now proceeding to render such judgment as in their opinion should have been given below, do order and decree that the property described in plaintiff’s petition be sold at such terms and conditions as have been fixed by the creditors of Paloc for his share in said property, and also at such terms and conditions as defendant may fix for his share in the same; the proceeds of the sale to be equally divided between plaintiff in his capacity of syndic and defendant; and the costs of this appeal to be borne by the defendant and appellee.