OCTAVE TALAMON and another *v.* CHARLES YTASSE and another.

A sequestration can be issued only in cases in which it is expressly allowed by law. Plaintiffs in an action to annul a sale of land made by their debtor to a third person as in fraud of their rights, having no lien or privilege upon the property, cannot cause it to be sequestered, pending the action, on the ground that they are apprehensive that the purchaser will sell or incumber it for the purpose of defrauding them and the other creditors of the vendor ; nor could they, were the land still in possession of their debtor. C. P. 375. Acts of 7 April, 1826, sect. 9, and 20 March, 1839, sect. 6.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Train, Beauregard,* and *Buisson,* for the appellants. *Nautré* and *J. F. Pepin,* for the defendants.

MORPHY, J. The plaintiffs are appellants from a judgment setting aside an order of sequestration, which they had obtained

in this case, the inferior Judge being of opinion that he had issued the order improvidently in the first instance. They had brought a revocatory action against the defendants, to annul and avoid, as made in fraud of their rights as creditors of Charles Ytasse, the sale of a house and lot by the latter to his co-defendant, L. C. Allaume, and had made oath that they were informed and verily believed that the said Allaume, taking advantage of the simulated and fraudulent sale made to him, was about to dispose of or incumber said property, in order to deprive the creditors of Ytasse of their rights on the same, &c.

We do not think that the Judge erred. Sequestration is a remedy which courts of justice can grant only in those cases where the law expressly gives it. The plaintiffs have no lien or privilege on the property, and the facts they allege do not bring them within any of the cases provided for by law. If the property were yet in the possession of their debtor, they could not sequester it, on the ground that he might sell or mortgage it to injure his creditors. Code of Practice, art. 275. B. & C.'s Dig. p. 156, sect. 6; and p. 774, sect. 9.

*Judgment affirmed.*