No. 28.—B. F. CROWNOVER et al. *v.* THOMAS W. RANDLE.

A sale of a tract of land by one of three joint owners will bind the other two, or either of them, if it is shown that they or either of them were present at the sale and made no objection thereto, but on the contrary advised and urged the sale.

The sale of an undivided tract of land by one of the three joint owners is null as to the interest of the party who was not present at the time and afterward refused to ratify the transaction.

APPEAL from the Eleventh Judicial District Court, Parish of Claiborne. *Watkins*, J. J. C. *Egan*, for plaintiffs and appellants. *George & Sandlin* and *L. B. Watkins*, for defendant and appellee.

TALIAFERRO, J. This is a petitory action to recover two undivided shares of one-third each in a tract of land. The plaintiff claims one of those shares in his own right and the other in right of a deceased brother's minor child, to whom the petitioner is tutor. The facts as we gather them are these: At a probate sale of their mother's estate which took place in February, 1859, the plaintiff and his brothers, John and William, the latter being the father of the minor represented by the plaintiff, purchased jointly a tract of land lying in the parish of Claiborne. It seems that the tract of land went into the possession of John Crownover, who, on the twenty-sixth of December, 1862, sold it to the defendant by regular notarial act, and the purchaser went into possession by himself or his agent. The plaintiff filed this suit early in the year 1866, praying to be decreed owner of one undivided third part of the land, that the minor he represents be recognized as owner of another undivided third part in right of her father, William Crownover, deceased. He also prays that a partition by limitation be made of the land between himself, the minor and the defendant.

The answer is a general denial. The defendant specially denies ownership either in the plaintiff or the minor of any portion of the land sued for. He avers that his vendor, John Crownover, before selling to him had acquired title to the shares of B. F. and William Crownover; that at the time of the execution of the deed of sale from John Crownover to defendant the plaintiff and William Crownover were present and cognizant of the sale; that by acts and words they assented to it, and represented the property sold as belonging to John Crownover and influenced and induced him to purchase it. That the plaintiff acts fraudulently in setting up a pretended title to the property, which to his own knowledge and with his assent defendant acquired in good faith, and gave for it a valuable consideration. There was judgment in the court below in favor of the defendant, and the plaintiff appeals.

A bill of exceptions was taken to the ruling of the court admitting evidence to prove that the consideration paid by Randle to John Crownover was Confederate money or illicit currency. It is not important to the decision of this case that we should consider this bill of exceptions, and therefore omit it.

A scrutiny of the evidence brings us to the conclusion that as to William Crownover the defendant has fully established his allegations. The testimony is abundant that he was present at the time the sale was entered into; was cognizant of the purpose and intention of the contracting parties and assented to it, if not directly yet expressing by his manner a tacit assent. It is shown that he was present at the time the deed was read and signed and the money paid, and made no objection to the sale. The notary before whom the sale was passed testifies that at the time the deed was executed William Crownover was present in the room, that he did not protest or object to the sale nor claim any interest in the land sold. *Qui tacit, consentire videtur. Qui potest et debet vetare, jubet.* Story's equity jurisprudence, section 385; 5 An. 67, and cases there cited.

It has been well remarked that "when a man has been silent when in conscience he ought to have spoken, he shall be debarred from speaking when conscience requires him to remain silent."

In regard, however, to B. F. Crownover, we think the defendant has failed to show any acquiescence in the sale under consideration. He was not present when it was consummated. It is not shown that he ever in the slightest degree assented to it. He resided ten miles off in another parish. It is shown by defendant that plaintiff frequently passed near the place in going to and returning from Minden, and that on one occasion before the sale, in answer to an inquiry as to what he was going to do with his share in the land, he said that he and his brother William had concluded to let John Crownover have their interests in the land. This is all the evidence defendant adduces to

show assent and ratification of the sale, and we think it insufficient. No title is shown in John Crownover to the other shares of the land. It results then in our view that William Crownover by his tacit assent to the sale ratified it so far as relates to his share, and that there is not in any manner shown a divestiture of B. F. Crownover's title to his undivided third part of the property.

The defendant shows that he has put upon the premises improvements worth two hundred dollars. One-third of this sum, or eighty-three dollars and thirty-three cents, must be paid by plaintiff to the defendant as the enhanced value of plaintiff's interest in the land produced by the defendant's labor and at his costs.

It is therefore ordered, adjudged and decreed that the judgment of the District Court so far as it recognizes the defendant's right and title to the one undivided third part of the tract of land in controversy, formerly owned by William Crownover, be and the same is hereby affirmed, and as to the recognition of title in defendant of the share and interest claimed by B. F. Crownover, that it be annulled, avoided and reversed. It is further ordered that B. F. Crownover be and he is hereby recognized as the owner of an undivided one-third part of the tract of land in controversy, and more especially described in his petition, and that he enter upon and take possession of the same on paying to the defendant eighty-three dollars and thirty-three cents, the enhanced value of his proportional share of the property. It is further ordered that a partition of the property as prayed for by the plaintiff be made between himself and defendant, joint owners of the land sued for, the claim of plaintiff as tutor to the minor heir of William Crownover being by this decree rejected and disallowed. It is also ordered that this case be remanded to the lower court in order that it may be proceeded with according to law and a partition of the property effected. It is ordered that the defendant and appellant pay costs of this appeal.