No. 3253.—JOHN H. McKEE *v.* S. P. GRIFFIN et al.

In a suit by one partner for the settlement and liquidation of the partnership affairs of a commercial partnership, the partner claiming the settlement stands in no better position than that of any other creditor. It must therefore be shown affirmatively that he is a creditor, and that the other partner who is required to account is in default, before he can resort to the seizure of property, the title to which is not in the partnership, but which is alleged to be fraudulently in the possession of a third party under a simulated title.

In the suit of one partner against another, to compel the liquidation and settlement of a commercial partnership, under the allegation that a third person (who, it is admitted, is not a partner, and is in no manner interested in or connected with the partnership affairs), is the possessor of real estate, under a title translative of property from the partner who is called to account, it was held that the writ of injunction could not be legally issued against such third possessor under such title, restraining him from using and enjoying his property, pending the suit for a settlement of the partnership, because in the first place, it is not established that the partnership is indebted to the complaining partner, and therefore he has no right of action against such third possessor, and consequently is without the right to seek the conservatory writ of injunction.

It was held, further, that a third party, holding real estate in the State of Louisiana under a title translative of property, could not be divested of his property, collaterally, by a suit for the settlement of an ordinary commercial partnership, of which it was not alleged that he was a member, or that he was in any way connected therewith, under the allegation that such third person had acquired his title to such real estate with a knowledge that it had been purchased by his vendor with partnership funds.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Billings & Hughes* and *Ex. Sumner Mansfield,* for plaintiff and appellee. *William H. Hunt,* for S. P. Griffin, defendant and appellant. *J. Hawkins* (curator *ad hoc*) for C. C. Edey, an absentee, defendant and appellant.

TALIAFERRO, J. This action is brought to effect a settlement of the business of a commercial partnership, dissolved by the bankruptcy of two of its members, and, as incident to the settlement, to subject as part of the assets of the partnership certain real estate, the title to which is in a third party, an absentee, never in any manner concerned in or connected with the partnership. Upon the petition of plaintiff a curator *ad hoc* was appointed to represent the absentee. The plaintiff took a rule upon the curator *ad hoc* and the defendant, Griffin, to show cause why a receiver should not be appointed and an injunction issue. An exception was filed by each of the defendants. The ground taken by the curator *ad hoc* is that in the liquidation of a commercial partnership an injunction can not be legally issued to restrain a third party from using or disposing of real estate, the title to which is admitted to be in his name, and who is not alleged to be a partner or member of the partnership; that the absentee, Edey, having a recorded title translative of property to the real estate sought to be made subsidiary to the liquidation of a partnership, that title can not be divested or annulled by a collateral proceeding of the kind here resorted to, and can only be attacked by a direct action.

The defendant, Griffin, excepted that the plaintiff's petition sets forth no sufficient allegation in law to warrant the issuing of the in-

53

junction or the appointment of a receiver; that the affidavit is not such as the law requires,' is vague, uncertain, contradictory, and its allegations inconsistent; that the affidavit is false in charging that he ever received the rents and profits of the real estate described in the petition, since the sale of it to Edey, and that the defendant, in the purchase of said real estate, used the funds of the alleged partnership. On the trial of these exceptions they were overruled, and the rules made absolute, and from that judgment the defendants have appealed.

It appears that in 1865 the plaintiff, McKee, the defendant, Griffin, and two others, Bloomer and Graham, formed at Shreveport a commercial partnership, under the firm and style of S. P. Griffin & Co. The business of this partnership was declared to be the buying and selling of cotton, and the doing a commercial business generally. In the spring of 1866, McKee purchased the interest of Graham in the partnership. About two years afterwards, McKee and Bloomer both took the benefit of the bankrupt law, and subsequently purchased from the assignee in bankruptcy all the rights their estates had against S. P. Griffin and S. P. Griffin & Co. Bloomer sold the right he thus acquired to McKee, who, after becoming owner of all the claims of Graham, Bloomer and himself against S. P. Griffin and S. P. Griffin & Co., instituted this suit against S. P. Griffin, the other partner, and the absentee, Edey, as we have previously seen. The petition charges that a large amount of cotton was purchased in the States of Louisiana, Arkansas and Texas with the partnership funds; that Griffin sold this cotton and wrongfully converted the proceeds to his own use; that he purchased in his own name, with partnership funds, two fractional squares of ground in Shreveport at the price of $40,000, and afterwards made improvements upon them with partnership funds to the amount of $35,000. The plaintiff charges that the said real estate, and the improvements made upon it, were fraudulently conveyed by Griffin to his brother-in-law, Charles C. Edey; that the conveyance of this property was made without consideration, and with the intent to defraud the other members of the firm; that Edey knew that the pur-. chase of the lots of ground in Shreveport by Griffin, and the improvements he made upon them, were all made with partnership funds, and that the conveyance to him operated a fraud upon the other partners. The petition expressly charges that Edey, the third party, is not a *bona fide* purchaser for a valuable consideration. It is contended that the other partners never consented to this transfer, and that Edey became a trustee for the partnership from the moment the property was transferred to him by Griffin. The plaintiff relies upon the case of Baca *v.* Ramos et al., 10 La. 420, and that of Hall *v.* Sprigg, 7 Martin 244 as establishing this proposition.

By the laws of Louisiana a commercial partnership can not own immovable property. If immovable property be purchased in the name of the firm, the partners become joint owners. 3 La. 494. In the case of Baca v. Ramos et al., real estate was acquired under title to Baca and Preba, under the firm and style of John Ramos & Co. In deciding that case, Judge Martin said:

"The partners were joint owners, and either of them might have sold his undivided share or interest in the property which was liable to seizure for his private debts. But in case of such seizure and sale he must have accounted to his partners for the price. * * * In fact, the title to one undivided third was in him, but the value thereof belonged to the partnership. The distinction we have taken between the title by which the property is held, and the value thereof, is well known in the other States of the Union where the common law prevails. These rights are there distinguished by the expressions 'legal title' and 'equitable title.' There courts of equity enforce the rights of the equitable owner by compelling the legal one to make a conveyance to the other, precisely as this court in the case of Hall v. Sprigg, 7 M. 243."

In various cases cited by counsel, the status or condition of immovable property, purchased in the name of a commercial partnership, is recognized as that of property owned jointly by the purchasers, and the principle enunciated in these decisions establish that if immovable property is purchased with partnership funds by one of the partners in his own name, and without the consent of his copartners, the property itself belongs to the partner purchasing, but its value at the time of the purchase belongs to the partnership. No decree of a court could be rendered to vest the title of property so purchased in the partnership, for the partnership is incapable of acquiring title.

In the aspect under which the case before us is presented, the title to the property purchased by defendant having been transferred to a third person, it is not necessary to determine whether the copartners, under the authority of the two cases relied upon, could compel the defendant, if he still held the legal title, to make a conveyance of it in joint ownership to the members of the firm. The case of Hall v. Sprigg was different from that of Baca v. Ramos et al. In the former, the defendant, as the agent of the plaintiff, with the plaintiff's money entrusted to him to purchase land, bought it in his own name with the plaintiff's money. The court decided that the unfaithful agent should convey the land to the plaintiff, who held the equitable title. In this case the plaintiff had the capacity to hold.

None of the cases, it seems to us, authorize the conclusion that the condition of the property would be the same in the hands of a third party in possession, under a title translative of property, even if held

in bad faith.   And we have grave doubt as to the right of the plaintiff in this case, under our laws, in a suit for the settlement of partnership business, to seize and take out of the possession of a third party, under title, real estate and enjoin him from using or disposing of it, and by this mode of action to subject it to the liquidation of the partnership affairs.   This third party is not shown to be in any manner connected with the partnership, or in any manner connected with its affairs.   The plaintiff asserts no privilege upon the property, nor does he allege the insolvency of the defendant.   But it is alleged that the third party is collusively engaged with the defendant to screen the property purchased by the defendant with partnership funds from the reach of the copartners.   By our laws, creditors who are injured by fraudulent and simulated sales, have their remedy by the revocatory action to annul and set them aside.   In the case of simulated sales, judgment creditors, without other recourse, are allowed at their peril to make direct seizures of property under *fieri facias*, disregarding the mere paper title, by which no right of property passed to the pretended vendee.   Yet we apprehend that this right can scarcely be claimed in a case like the one under consideration, the plaintiff not being a judgment creditor, and in fact not even showing that he is a creditor.   He alleges that the defendant had a large amount of partnership funds in his hands, and appropriated them to his own use.   He sues for a settlement of the partnership, and to compel the defendant, as a partner, to account to the partnership.   Until a settlement is effected, it will not be known whether the defendant is a debtor to the partnership or not.   We do not see that the plaintiff has greater rights than other creditors have under similar circumstances.   In the case of the United States *v.* Smith, 7 An. 187, where it was alleged that property of the defendant was fraudulently covered by title in the name of his son, an injunction was taken out, on affidavit of the plaintiff that defendant had no other property, and that there was reason to fear the property would be disposed of to the injury of the plaintiff.   The injunction was dissolved on the ground that there was no authority or precedent for such a proceeding.   In the case of Talamon et al. *v.* Ytasse, 4 Rob. 462, and in the case of Barriere *v.* Fete, 9 An. 536, the same ruling prevailed.

In an ordinary suit for the settlement of a commercial partnership brought by one of the partners against his copartners, the Code of Practice furnishes conservatory remedies that may be resorted to, as contingencies arise, to secure the partnership property and assets pending the settlement.   But that real estate in possession of a third party, in no manner connected with the partnership, and under a recorded title translative of property, can be taken out of the possession of the presumptive owner, and held subject to a decision of the

litigation, and the party under title in the meantime restrained by injunction from using or disposing of the property, seem incompatible with our laws and the jurisprudence of the State. With these views of the facts in this case, we think the exceptions should have been sustained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed; that the injunction be dissolved; that the appointment of a receiver be set aside and rendered of no effect, so far as he was authorized to take into his possession or under his control the property of the absentee, Edey; that the case be remanded to the court of the first instance to be proceeded with according to law, the plaintiff and appellee paying costs of this appeal.

Mr. Justice Howe dissents in this case.