(100 South. 243)

No. 24286.

## HUMBLE v. STEWART-GREER LUMBER CO.

(April 21, 1924.)

*(Syllabus by Editorial Staff.)*

Partnership ⬤➡156—Heir of partner acquiescing in sale of land by other partner held estopped to claim it.

Where certain land bought in name of partnership was sold on account of firm by one partner, the other having knowledge thereof and knowing of adverse claim of ownership, but not asserting his claim, his heir was estopped to claim property by inheritance.

O'Niell, C. J., dissenting.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Suit by Mrs. Sadie Humble against the Stewart-Greer Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. H. Thompson, of Winnsboro, for appellant.

Ellis & Ellis, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

LAND, J., of Division B, took part in this cause.

BRUNOT, J. This is a suit to recover a one-half interest in the lands described in the petition. Plaintiff alleges that she is the daughter and sole heir of J. L. Boies, deceased, and that she acquired the property by inheritance from her father. She prays that she be recognized as the owner of a one-half interest therein, or, in the alternative, that she be recognized as the owner of a one-fourth interest in the property, and, in either event, that a partition thereof, by licitation, be ordered by the court. Defendants plead the prescription of ten years. They also plead estoppel and filed their answer to the suit. The pleas of prescription and estoppel were referred to the merits, and from a judgment rejecting plaintiff's demands and dismissing the suit she has appealed.

The lands sued for consist of two tracts containing 360 acres and 40 acres respectively.

J. L. Boies and J. F. Boies were commercial partners doing business under the firm name of J. L. Boies & Co. It appears that J. F. Boies acted for the firm in buying and selling the lands. The lands were acquired for and in the name of the firm and were sold by and for the account of the firm. It does not appear that J. F. Boies had written authority from his copartner to buy or sell the lands, but the record discloses that J. L. Boies knew of and advised the purchase and sale of the lands; that he was familiar with the firm's transactions; that he lived in the immediate vicinity of the lands for several years after the sale thereof; that he knew of the adverse claim of ownership, the adverse possession, and the cutting and removing of the timber therefrom; that he did not assert any claim of ownership to any part of the land, and not until after his death and the institution of this suit did his heir assert a claim thereto.

The judge of the lower court did not give written reasons for the judgment rendered, and the judgment itself does not indicate upon what ground the dismissal of the suit is based, but we are of the opinion that it should have rested upon the plea of estoppel.

"Where a sale of real estate is made by one of two or more joint owners, and where one of the joint owners who did not sign knows of the sale and makes no objection thereto, but, on the contrary, advises it, then he is estopped from claiming any part of it." Crownover v. Randle, 21 La. Ann. 469.

"The partners of a firm cannot plead ignorance of its transactions. The act of receiving the whole or a part of the proceeds of the property sold without authority amounts to a ratification of the sale, and such party is

estopped from setting up title." Baca v. Ramos, 10 La. 420, 29 Am. Dec. 463; Thomas v. Scott, 3 Rob. 256; Flower v. Jones, 7 Mart. (N. S.) 140; Raymond v. Palmer, 41 La. Ann. 425, 6 South. 692, 17 Am. St. Rep. 398; Landry v. Connely, 4 Rob. 127, State v. New Orleans, 105 La. 768, 30 South. 97; R. C. C. art. 3010.

"Where real estate is bought for and in the name of a commercial partnership, the individual members hold the legal title and the firm the equitable title. The individual partners or the creditors can require the application of such immovables to pay the partnership debts." Calder v. Creditors, 47 La. Ann. 346, 16 South. 852; Hall v. Sprigg, 7 Mart. (O. S.) 243, 12 Am. Dec. 506; Bernard v. Dufour, 17 La. 596; May v. Ry., 44 La. Ann. 444, 10 South. 769; McKee v. Griffin, 23 La. Ann. 417; Case v. Beauregard, 99 U. S. 126, 25 L. Ed. 370; Story on Partnerships, §§ 97, 98, 360, 361; R. C. C. art. 2823.

The record discloses that the property was purchased by the corporation for $2,000. Four hundred dollars of the purchase price represented an indebtedness by the vendor to J. L. Boies & Co., and for the balance of the purchase price the vendee assumed the payment of a mortgage on the property for $1,600. The 360-acre tract of land was sold by J. L. Boies & Co. for $2,160, the purchase price being represented by the vendee's assumption of the $1,600 mortgage thereon and the payment of $560 in cash, and the 40-acre tract was transferred to a creditor in liquidation of an indebtedness of the firm.

Plaintiff relies upon the rule of law that a partnership cannot acquire or hold real estate; that when real estate is purchased by a partnership it belongs to the individuals composing the partnership. We recognize the correctness of this rule, but we do not think it applies to the facts of this case.

For these reasons we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed at appellant's cost.

O'NIELL, C. J., dissents.