### CELESTE JOFFRION *v.* HYPPOLITE BORDELON et al.

The voluntary separation of husband and wife does not prevent their acquisitions during the period of the separation, from falling into the community under Article 2371 of the Civil Code.

When the property of the wife described in the marriage contract, is not declared to be given in dower, it remains paraphernal.

Where property purchased during the marriage is paid for out of the separate funds of the husband, a charge exists in favor of the separate estate of the husband against the community for the amount of such purchase.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom*, J. *Edwards, Barlow & Waddel*, for plaintiff and appellant.  *H. & S. L. Taylor*, for defendants.

MERRICK, C. J.  The plaintiff, then a widow, being about to marry *Valery Bordelon*, on the 8th of October, 1840, signed, with him, a marriage contract, wherein it was agreed that there should be a community of acquets and gains between the future spouses.  The marriage contract enumerated the paraphernal property of the wife, but did not constitute the same in dower.  It also enumerated the separate property of the future husband.

The marriage was solemnized the same day.  The parties lived together but a few months and then separated, the wife receiving her paraphernal effects and ever afterwards living upon the same, and managing her affairs without the assistance of the husband.

The husband lived upon property purchased by himself, and made some further acquisitions.

*Valery Bordelon* died in 1858.  The present suit is brought against the administrator and the heirs of the deceased, by the plaintiff, to recover her supposed dotal rights, and also one-half of the community of acquets and gains, and the usufruct of the residue.

The judgment of the lower court having been rendered against the pretensions of the plaintiff, she has appealed.

It is contended, that as it is clear that the acquets were not the product of the reciprocal labor of both the husband and wife, (inasmuch as the wife had volun-

<div align="right">

JOFFRION
*v.*
BORDELON.

</div>

tarily abandoned her husband,) there is no reason to apply the provisions of Art. 2371 of the Civil Code to this case, where, for a period of nearly eighteen years, the wife contributed nothing to the common fund.

The testimony shows, that the separation of the parties was voluntary. It was in the power of the husband, after he had concluded to reside with his wife on her paraphernal property no longer, to summon her to reside at his house, or any other domicil he had seen fit to establish, and in the event of her refusal, he could have effected, by suit, a separation of property and, ultimately, a divorce. C. C. 151, 2389.

Of this right, he never thought it worth the while to avail himself. Not having done so, but resting entirely upon the voluntary separation, his acquisitions fell into the community under the effect of Articles 2371 and 2401 of the Civil Code. The latter Article declares, that every voluntary seperation of property is null, both as respects third persons and the *husband and wife* between themselves. See also 6 An. 632.

If there are cases in which the wife, by her conduct, may forfeit her interest in the community, the passive conduct proved in the present instance, does not appear to us to come within such excepted cases. See 12 An. 145.

The property of the wife described in the marriage contract, not having been declared to be given in dower, remained paraphernal. The same having been restored to the wife, at the time of the voluntary separation, and having been administered by her, she has no claim upon the community for what she may have lost, worn out or consumed by use.

In the acts of sale by which the husband purchased the property now claimed as community, there are no clauses by which it can be inferred, that it was intended to be bought as separate property. The sales were in the usual form, and though it may have been the intention of *Valery Bordelon* to pay for the same out of his separate funds, yet it is not, as we perceive, so expressed in the acts. These purchases made during the existence of the marriage, fell into the community. 5 An. 611 ; 7 An. 104, *Bass* v. *Larche, tutor*.

The proof, although circumstantial, we think, is sufficient to show that the purchases were paid for with the separate funds of the husband. The community should, therefore, be changed in favor of the separate estate of the deceased with the amount of the purchases of the effects of the community.

It appears to be conceded, that the slave *Dadate* belonged to the separate estate of the deceased.

We shall not undertake to settle the rights of the parties further by this decree, but will remand the case for further proceedings.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed, that a community of acquets and gains be declared to have existed between the plaintiff and the said *Valery Bordelon*, deceased; that the separate estate of the said *Valery Bordelon* be recognized as a creditor for the sums paid for the property and effects belonging to the community ; that plaintiff's demand for and on account of dotal effects, be rejected ; and that this cause be remanded to the lower court, with directions to cause an inventory to be made of the effects of said community, and to proceed to the settlement of the same according to law, and the principles herein announced ; the defendants and appellees paying the costs of the appeal.