## No. 8703.

### SUCCESSION OF LAURA E. MERRICK, WIFE OF LOUIS J. BRIGHT.

It is now settled that the representative of a succession may sell community property to pay community debts, the interest of minors therein *non obstante*.

Where the separate funds of one spouse have been invested in property for the community, or otherwise, for its benefit, such spouse becomes a creditor of the community to that extent.

Where the husband becomes creditor in such manner, he is postponed to other creditors of the community; but, as against the wife and her heirs, his claim is perfect.

As such creditor, like any other creditor, he is entitled to have the community property sold, not only for his satisfaction, but for the necessary purpose of ascertaining the residue, if any, remaining in common.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus, J.*

*H. L. Edwards* and *Geo. L. Bright* for the Tutor, Appellee :

1. It is well settled, that a representative of a succession may sell community property to pay debts, upon a proper showing, even though minors are interested therein, especially when the estate is insolvent. Minors have but a mere residuary interest in community property, and can take nothing until its debts are paid. 33 An. 473; 28 An. 176; 11 R. 508-10; 9 An. 107.

2. An administratrix and widow in community after having previously filed a tableau, showing the debts, can obtain an order to sell the property of a succession to pay its debts. This is especially so where the estate is insolvent. 28 An. 270.

3. There is no distinction or difference in the application of the principal between a third party, who is creditor, and because the representative happens to be the creditor. The rule is the same. 15 An. 676-8; 28 An. 270.

4. The exception filed by the under-tutor is a dilatory exception, and must be filed *in limine*. It is an exception of prematurity. When filed with the answer, and when issue is joined, it is waived, and cannot avail. There could be, and was no judgment upon it, it having been filed at the same time as the answer. 11 An. 688; 17 An. 232 ; 4 R. 392; 7 N. S. 284; 1 L. 420.

5. Where the opposition of the under-tutor is unreasonable and unwarranted, the costs of the appeal should be put upon him, and not upon the succession. It is bad faith on his part. 21 An. 17; 19 An. 153.

*A. H. Wilson* and *E. T. Merrick* for the Under-tutor, Appellant.

The opinion of the Court was delivered by

FENNER, J.   Louis J. Bright, surviving husband of the deceased, is administering her succession as the duly qualified natural tutor of their minor children.   The inventory exhibited about three hundred dollars of personal property belonging to the separate estate of the wife, and community property amounting to about fifty-six hundred dollars, the main item of which was a piece of real estate valued at five thousand dollars.   The inventory further exhibits a declaration by the surviving husband that the community was indebted to him in the sum of about fifteen thousand dollars, amount of his separate funds owned prior to the marriage, and expended by him in the purchase of the property

possessed by the community, and for the benefit of the community in other ways specified therein.

The under-tutor of the minors refused to sign the inventory, and opposed its homologation, which, however, was ordered upon rule to show cause, after trial contradictorily with him.

Thereafter, the tutor filed a tableau of the assets of the succession, as shown by the inventory, and of the liabilities of the community, consisting of the debt due to himself; and, at the same time, he filed his petition setting forth the insolvency of the community, the necessity of selling the community property in order to pay its debts, and praying for an order commanding the under-tutor to show cause, on a day to be fixed, why such sale should not be made.

The under-tutor filed an exception of prematurity, on the ground that there was no evidence that the community debts had been paid and that, until such full settlement, the surviving partner could not advance his own claim against the community, for the debts of which he was himself liable.

He, at the same time, reserving his exceptions, filed answer denying the insolvency of the community and putting at issue the claim of the tutor.

On these issues the case was tried, resulting in a judgment sustaining the prayer of the tutor's petition, from which the present appeal of the under-tutor is taken.

It is clear, on both reason and authority, that the representative of a succession may sell community property to pay its debts, upon proper showing of the necessity therefor, even though minors have an interest therein. Such interest is only residuary after payment of community debts. Suc. Ira Smith, 9 An. 107 ; Richards vs. Denel, 11 Rob, 508 ; Davidson vs. Davidson, 28 An. 270 ; Suc. Hood, 33 An. 467.

It is equally well settled, that where the separate funds of one spouse have been invested in property for the community or otherwise properly expended for the community benefit, such spouse becomes a creditor of the community to that extent. Hen. Dig., Marriage, XIII, (b. 2,) Nos. 7, 8, 9, 10.

Of course, in the case of the husband, his debt, arising from such source, would be postponed to all other community debts, but, as against the wife and her heirs, his claim is perfect if established.

As such creditor he is entitled, like any other creditor, to have the community property sold in satisfaction thereof, in order that the residue, if any, remaining in common, may be ascertained.

We can perceive no force in the objection that it is not shown that
38

other creditors have been paid. If there are other creditors of the community unpaid, that would seem to furnish additional reason and necessity for the sale. They may be trusted to present themselves, if they exist, in the proceedings for distribution of the proceeds of the sale.

We have carefully examined the evidence in support of the tutor's claim. It is not necessary to consider too critically all the items thereof. The claim to an amount exceeding the value of the community property is established, by uncontradicted evidence, in a manner clearly sufficient to authorize the order of sale, which is the sole matter adjudged.

This disposes of all the issues presented by the pleadings or passed on by the court *a qua*.

The under-tutor, however, has acted in good faith and should not be mulcted personally in costs.

Judgment affirmed, costs to be paid by the succession.

Rehearing refused.