Moore vs. Stancel

## No. 1104.
### C. H. MOORE, TUTOR, VS. JOHN C. STANCEL.

The admission of a husband that the purchase of property made in the name of his wife, is for her separate benefit, that the price was paid by her out of her individual funds, concludes him, though it may not his forced heirs or creditors.

Property acquired by the husband during the community, with his own funds, without stating in the act of purchase that the same is made for his personal advantage and that the same is paid out of his personal means, falls into the community, the husband remaining a creditor of the same for the amount invested.

Judgment cannot be rendered for a claim, in the absence of issue joined.

APPEAL from the Fifth District Court, Parish of Richland. *Richardson,* J.

*H. P. Wells* for Plaintiffs and Appellants.

*T. O. Benton, contra.*

| | |
|---|---|
| 36 | 819 |
| 44 | 921 |
| 44 | 1036 |
| 36 | 819 |
| 49 | 211 |
| 36 | 819 |
| 50 | 215 |
| 36 | 819 |
| 52 | 1766 |
| 36 | 819 |
| 106 | 94 |
| 36 | 819 |
| 110 | 68 |

The opinion of the Court was delivered by

Bermudez, C. J. This suit was originally brought by a tutor for account of his ward, as sole heir of his mother. Its object is to recover from her surviving second husband, who is the minor's step-father, property claimed as her paraphernal estate; also, her interest in three other pieces averred to be community property;· besides, the fruits of both, and finally, a partition of the common assets.

On becoming of age, shortly after suit, the ward entered appearance and formally made himself the party plaintiff.

In the petition which he filed to that end, he reiterated the averments and prayers of previous petitions and sought a money judgment for several amounts aggregating some $8000, and stated to be due his mother by her surviving husband.

The defense is a denial of all the advanced pretensions, an averment that all the property belongs to the husband, as having been acquired out of his separate funds; that if the first piece be declared to be the paraphernal property of the wife, and the other pieces, community propeity, they are respectively chargeable with various amounts expended in different ways, which it is unnecessary to mention, and that judgment should be accordingly rendered in his.favor.

Before judgment, the surviving husband, made defendant, having died, his executor made himself a party in his place.

There was judgment recognizing that the property claimed as paraphernal and known as the "Home" place, is such; allowing an annual rent thereof at $300 from July, 1879, the death of the wife; declaring the other pieces of property known as the Coke and Coleman places, and the undivided half of the Sicily Island property, as community property; decreeing a partition thereof and allowing to defendant $1211 93 with legal interest from August 20, 1883.

From this judgment both parties obtained an appeal, which was perfected only by the plaintiff. The defendant, however, has, in this Court, prayed for a reversal or amendment of the judgment, so as to recover as claimed in his answer and reconventional demand.

---

### MERITS.

We will proceed to consider the merits of this controversy.

It is proper to note, at the threshold, that John Jenkins, who is the plaintiff, sues as the only issue of his mother by her first marriage. In fact, there was no issue from her subsequent marriage with J. C. Stancel, who, himself, left no forced heir.

So that, the Act of 1884, now Article 915, R. C. C., which allows to the survivor, the usufruct of the share of the deceased spouse in the community property, is no factor and finds no application in this controversy, and consequently, plaintiff is entitled to claim and recover, on proof, the interest of his mother in that community.

The material facts gathered from the voluminous record are the following:

On October 3, 1870, the real estate claimed as the paraphernal property of the plaintiff's mother and which is known as the "Home" place, was acquired by her with the authority of her husband. The act declares, that the price $3500 is paid by her out of moneys claimed by her as her paraphernal funds, under her separate control and administration, recently inherited by her in Alabama, and of which her husband never had the control. The act is signed by her and by her husband.

The three other pieces of property already indicated by the names given them, were acquired by the husband during the marriage. The acts do not set forth that the purchases are made by the husband with the intention of making the property exclusively his and that the price is paid out of his individual funds.

There is evidence that prior to his leaving Alabama, where he once resided, the defendant owned considerable property which was sold subsequent to his removal, in 1869, to Louisiana, to which he had, the year previous, sent his wife.

It is not fully established how he disposed of all his individual funds, but it is sufficiently shown that part of the same was actually used for the purchase of some of the real estate claimed as comprising the mass of the community and that the lower court gave him credit for the amount which it found had been thus used.

It also appears that Mrs. —— Stancel owned some property in Alabama, that after her removal to Louisiana, she returned to her former home and came back, bringing with her, in currency and coin, upwards of $3400.

The evidence which is, in that respect, circumstantial and scattering, shows that, at different times, her husband has received for her account, various amounts said to aggregate some six thousand dollars, both in Alabama and in this State.

It is also shown that the wife and her husband had as their agent, W. G. Little, of Alabama.

The record also discloses other facts which are not deemed material for the determination of this suit.

The only questions presented are the following:

1. Whether the *"Home"* place is the paraphernal property of Mrs. Stancel?

2. Whether the other pieces of real estate are community property or the husband's individual property?

3. Whether the plaintiff is entitled to recover the amounts alleged to have been received by the husband for account of his wife?

4. What is the amount to which the defendant is entitled, as as much invested and disbursed, under his answer and reconventional demand?

We will proceed to examine those questions in their respective order.

### I.

The tenor of the act of sale of the *"Home"* place to Mrs. Stancel, explicitly shows that the purchase was made in her name, with her funds inherited from her parents in Alabama, and for her separate advantage. The correctness of those facts is indelibly admitted by the husband who authorized her in the premises and signed the deed in person.

This acknowledgment was conclusive upon him, though it would not be on its face against his creditors or his forced heirs, had he left any, which he did not. 35 Ann. 33; 34 Ann. 375; 33 Ann. 688; 31 Ann. 124; 30 Ann. 1036; 21 Ann. 343; 16 Ann. 271; 9 Ann. 242, etc.

If it be true that defendant could be relieved from the effect of such admission, this could only be in a proper case, on a proper averment and proof, by setting up and showing error, fraud, violence, or some vitiating defense, which was not done.

The only attempt made was to show by a letter of Mrs. Stancel to her brother and agent that she acknowledged having asked one thousand dollars of her husband's money to make the purchase and of which she directed the return.

Objection was made to the introduction of this letter, but it was overruled and a bill reserved. The letter was received, but the district judge attached no importance or weight to it.

The objection went to the effect and not to the admissibility of this written evidence. It could prove and proved nothing to justify the claim of the defendant to the ownership of the property.

There is no evidence to support the statement in the letter, which, if it proves anything in the sense of ownership, establishes that the property was purchased by Mrs. Stancel for her separate benefit.

If it could prove an indebtedness by the wife in favor of the husband, the presumption is, under the evidence, that it was settled subsequent-

Moore vs. Stancel.

ly, in 1875, when a final settlement took place between the defendant and Little, as the agent of both, his wife and himself.

But however important the acknowledgment by the wife may have been, the letter is not a counter letter. It does not purport to be an admission on her part that though the title be in her name the property is not hers but belongs to her husband. At best, it would amount to nothing more than the evidence of an indebtedness. The investment of the latter's money, without his knowledge, without her consent, without a recital to that end in the act which would have put the prop-erty at his risk, could, under no circumstance, make. the husband sole owner or even co.-proprietor of it.

If proof were necessary, as to the husband, (where no forced heir or creditor exists,) it might be said that the evidence in the record shows that Mrs. Stancel, after moving to Louisiana, had funds sufficient, by a few tens, to make the purchase, so that there can be no doubt that the "*Home*" place, from either aspect, was correctly decided to be the paraphernal property of the plaintiff's mother.

Such being the case, title to it has vested, at her death, in her only heir, who, as such, has a right to the fruits of the same, from that time to that of delivery.

### II.

The other pieces of property were purchased during the marriage. Conceding that the price of two of them was paid in part out of the individual funds of the husband, this was not sufficient to make them his separate estate. He should have clearly established his intention at the time by declaration in the act and mentioned the fact of the payment out of his individual assets and been ready, eventually, to establish that last fact, contradictorily with the heirs of his wife. The jurisprudence on that subject is so firmly established that a reference to all the authorities would be cumbersome. However, see 14 Ann. 618; Joffrion vs. Bordelon, Bars vs. Lynch, 7 Ann. 104; Young's case, 5 Ann. 611, and H. D. 883 and 884, where numerous authorities are collected.

### III.

The last matter to be considered is whether the plaintiff is entitled to recover the amounts claimed by him as received, by defendant, for account of his mother.

It is unnecessary to review the evidence on the subject, for the reason that the question is not presented by the pleadings.

Those amounts are not claimed in the original petition. The petitions subsequently filed, were designed to correct a description of prop-

erty and to make Jenkins a party. . No importance can be attached to the circumstance that, in the last proceeding, Jenkins prayed for a judgment of $8000.

That petition was not permitted to be filed and not put at issue by any answer of the defendant. This was essentially necessary. C. P. 359. So that the matter is not involved in this controversy.

The district judge, for a reason somewhat similar, declined to allow the demand to any extent. The judgment rendered merely passed on matters *at issue* and left this claim unaffected, so that the right to assert and enforce it, if it exists, continues in the plaintiff.

## IV.

In relation to the claims and counter claims of the defendant, we can only state that an examination of the evidence does not enable us to say that the judgment of the lower court, which allows him $1211 93, does not do him justice.

Our learned and industrious brother, the district judge, has evidently taken unusual pains, as appears from his elaborate and exhaustive opinion, to recapitulate, analyze and, as far as practicable, to reduce to form and substance, and more certainty, the almost interminable, confused, circumstantial, shapeless and unsatisfactory evidence adduced in the case. We have patiently followed him in his extensive investigations and have carefully weighed the criticism directed against his conclusions, and we remain convinced that in deciding as he has done, he has not only applied the whole law, but exerted his equity powers in favor of the defendant, who has shown no just cause of complaint and therefore should be satisfied.

Judgment affirmed.