The opinion of the court was delivered by
Breaux, J.
Plaintiff sues to be decreed the owner of a lot of ground described in her petition, and for an accounting by her step-mother for all moneys owned by the plaintiff’s deceased father at the time of his death, and a judgment based thereon. She specially claims eight hundred dollars in cash and sixty dollars rental money on property, she, plaintiff, claims to own.
Defendant admits that plaintiff owns two lots of ground designated by the Nos. 21 and 22 of D’Hemecourt’s plan, dated April 10th, 1870. With reference to one of the lots, plaintiff claims, defendant admits that a house situated thereon was destroyed by fire, and that her husband (plaintiff’s father by first marriage with Felice Seguin) received a sum of money on a policy of insurance on the building, but she denies that any part of the sum was used, as alleged by plaintiff, in the purchase of this lot of ground in square (No. 7) bounded by Valette and Olivier streets, and Opelousas and Slidell avenues.
To plaintiff’s allegations in her petition, that in matter of the succession of Louis Adrien Toussaint (plaintiff’s father and defendant’s husband) and Felice Seguin, his wife, by the first marriage, she was placed in possession of property she describes. Defendant answers that the judgment placing her in possession is, as to her, defendant, res inter alios. She further answers that the life of L. A. Toussaint was insured in the Mutual Life Insurance Company for the sum of three thousand dollars in her (defendant’s) favor, and that plaintiff is without right or interest therein. She denies that her late husband left eight hundred dollars in cash, separate funds of his, at his death, and further denies the charge of appropriation of moneys set out in the petition. She admits that she collected mortuary benefits from benevolent associations, but avers that, under the rules of these associations, they were due to her personally, and that she used nearly all the amount so collected in paying the funeral expenses of the deceased, and that the remaining balance was her property.
The judgment of the District Court decreed that plaintiff is the *1765 owner of one-half of lot No. 125, square Y, bounded by Yalette and other streets. The judgment further decreed that, at the expiration of the usufruct, the defendant shall be accountable to the plaintiff for the sum of three hundred and fifty dollars, being one-half of the seven hundred dollars in cash left by L. A. Toussaint, as part of the community existing between him and defendant, and which she is entitled to hold as usufructuary as surviving spouse in community. From this judgment, plaintiff prosecutes this appeal.
The record discloses that Louis Adrien Toussaint died January 1st, 189Y; that he married defendant in 1890, and that no children were bom of this marriage.
As there is no dispute about lots 21 and 22, described in plaintiff’s petition, we pass to a consideration of the issues growing out of the claim plaintiff sets up to ownership of property, because, as she alleges, the amount collected on fire insurance on property destroyed on lot 21 was employed in purchasing the property on Yalette street, i. e., lot 125.
The contention is, to state it again in different words, that the property, on lot No. 21, belonged to the first community, and as the insurance money, after the burning of the building thereon, was expended in buying property during the second community, that plaintiff, as the heir of the first community, is entitled to the whole property. This property on Yalette street was bought in the name of defendant’s husband, in November, 1895, for the sum of three hundred and fifty dollars, that is, during the last community of acquets and gains. Property bought by the husband, during the exisence of the community, is presumed to belong to the community. It is presumed, in the absence of proof to the contrary, that the funds with' which the price is paid, are community funds. The evidence does not rebut the presumption favorable to the community. There is nothing on the face of the papers to show that the purchase was made with the separate funds of the husband or from insurance on above property. The evidence does not satisfy us of the husband’s intention of making a separate investment. Where the husband does not, in. the act of purchase, declare that the property is bought with his separate' funds, and it can not be inferred from the expressions contained in the act that it was his intention to make a purchase for his separate account, the property falls into the community, which becomes his debtor for his separate funds. Jeffrion vs. Bordelon, 14th Ann., 628; Durham vs. *1766 Williams, 32 Ann., 162; Moore vs. Stancel, 36th Ann., 819. In the last decision, Bass vs. Larche, 7 Ann., 104; Young’s case, 5 Ann., 611, and Hennen’s Digest, pp. 883 and 884, are cited in its support.
Upon the issues presented for the title, we do not feel that we should enter up a decree for the amount which plaintiff asserts was used, as before stated, an account of which she claims title.
Plaintiff’s next claim grows out of the fact that the life of the deceased was insured, and that defendant collected the insurance. She urges that the in’esumption is that all prox>erty is community, and as no evidence on this point was offered, save the unsupported testimony of defendant, the amount should be decreed to belong to the community.
There was no question about the insurance. The policy was issued by a well known company, and plaintiff had it in her power, without the least difficulty, to prove that defendant did not testify truly in testifying that she was the beneficiary. The fact that she chose to submit the case without making the least attempt to rebut the defendant on this point, is, from our point of view, quite conclusive against her. Moreover, xfiaintiff remained silent and made no objection to the defendant’s collecting the policies as beneficiary, a course of conduct she would have avoided, we infer, had she had any right to the policy.
We take up the claim for $800.00 which plaintiff avers was in defendant’s bank box at the time of her father’s death. The testimony relative to this point is conflicting. Our learned brother of the District Court, after having heard the contradictory statements, decided that of this sum, the community should be credited with seven hundred dollars, which was or should have been in the bank box. We do not think that he erred, and, therefore, will not disturb his judgment on this point.
Plaintiff testified that, in addition to the amount before stated, as claimed by her, her father had one thousand dollars belonging to her. This amount is not claimed in xolaintiff’s petition, and the testimony does not impress us as being sufficient to base a judgment thereon. The claim is against a succession, and one who seeks to recover a debt against the estate of a dead man, should make it appear, with certainty, that the amount is due.
With reference to the moneys received from the benevolent associa-. tions, of which defendant’s late husband was a member, we think the plaintiff is entitled to her proportion of the balance after paying the *1767 funeral expenses. The amount is small, but, nonetheless, it is due and must be charged. Defendant admits having received $225.00. After paying the funeral expenses, there remains $75.00 to the credit of the community.
In the -next place, plaintiff avers that defendant is not entitled to the usufruct of the property belonging to the community, allowed by the judgment of the District Oourt. It will be borne in mind that the plaintiff is the issue of the first marriage, and that there are no children of the second marriage.
The textual provisions of the law are; that the surviving partner in community has the usufruct of the share of deee'ased spouse who died without leaving ascendants or descendants. Here the deceased left a descendant, viz: plaintiff. ‘The defendant is not entitled to the usufruct of the share which she, as his descendant, inherits from her father. The ascendant and the descendant are especially singled out and excluded from the statute granting usufruct. A similar question was decided in Succession of Lee, 9th Ann., 398. The court held that the “ascendant of the deceased inherits, and the surviving spouse is not entitled to the usufruct.” The question is the same where the descendant of the husband, as in this case, inherits. In substance, the court says in the cited case, usufruct, where there are children of the marriage, may have been to keep the family estate together, and provide a home for the surviving father or mother, who, in the nature of things, use the estate with an eye to the welfare of the children. It is manifest that the impulse is no longer the same between the daughter and the step-mother, and the nature of the law finds nothing to sustain it in such a case.
Moreover, aside from all questions of mutual sympathy between parent and children, the right is derived from the statute, and here, we take it, the statute is plain.
For reasons assigned, the judgment appealed from is amended by increasing the sum to which plaintiff is entitled from three hundred and fifty dollars to three hundred and eighty-seven dollars; and for this amount plaintiff has judgment against defendant. It follows that defendant has no right to the usufrffct of this amount.
The judgment is also amended by striking from it that part allowing to defendant the usufruct of the lot No. 125, square 7, bounded by Vallette and Olivier streets and Opelousas and Slidell avenues, and the *1768 plaintiff is decreed to be the owner of the undivided one-half free from any usufruct. In every other respect, the judgment appealed from is affirmed at appellee’s costs.