193 So. 645.

Succession of BELL.

No. 35028.

Oct. 30, 1939.

On Rehearing Feb. 5, 1940.

Truett L. Scarborough, of Ruston, for plaintiff-appellant.

R. L. Williams, of Arcadia, for defendant-appellee.

PONDER, Justice.

This is a suit for the partition and division of community property.

Henry J. Bell was first married to Nancy Oliver. There were eight children issue of this marriage. At the death of Nancy Oliver Bell, the community existing between her and Henry J. Bell consisted of 240 acres of land in Bienville Parish, 207.5 acres of land in Jackson Parish and considerable personal property. The succession of Mrs. Nancy Oliver Bell was duly opened, an inventory and appraisement made and the surviving husband and heirs sent into possession of the property, but it appears that no division of it was ever made. Mrs. Nancy Oliver Bell died August 29, 1920. On January 18, 1921, Henry J. Bell married Mrs. Lou Vails, who at the time was a widow and the mother of two children by a former marriage. Mrs. Lou Vails died on October 1, 1937. There were no children issue of the marriage of Henry J. Bell and Mrs. Lou Vails. One of the children of Mrs. Lou Vails, issue of her prior marriage has since died and the plaintiff is the sole heir of her mother. Mrs. Lou Vails owned no property at the time she married the defendant and brought no property into the community. During the community between the defendant and Mrs. Lou Vails, the defendant purchased 80 acres of land from his children, issue of his former marriage, for $600 cash and purchased all the interest of his children in the personal property and their undivided interest in the 240 acres of land in Bienville Parish. At the death of Mrs. Lou Vails, the defendant was in possession of 240 acres of land in Bienville Parish, 80 acres of land in Jackson Parish and various movable effects. The succession of Mrs. Lou Vails was opened and an inventory and appraisement made. According to the inventory, the community owned a 1/16 interest in the 240 acres in Bienville Parish, 80 acres of land in Jackson Parish and various personal property. The real property was appraised at $750 and the personal property at $8,367.66, making a total of $9,117.66. The plaintiff sought a partition by licitation and a division of the monies on deposit in the banks owned by the community. Upon trial of this matter the lower court gave judgment recognizing the plaintiff as the sole and only heir of her deceased mother, Mrs. Lou Vails, adjudging the 80 acres of land community property; adjudging an undivided 1/16 interest in the 240 acres of land community property and adjudging all the personal property community property. The plaintiff was adjudged indebted to the community $143.50; the community was adjudged indebted to Henry J. Bell $11,502.-28. It was further adjudged that the property be sold and the proceeds from the sale

and the cash in the banks turned over to the Clerk of Court to be partitioned as follows: pay all costs of this suit, sale and partition; pay H. J. Bell the sum of $11,502.28; pay the remainder equally after deducting $143.50 from the plaintiff's portion and paying the same to Henry J. Bell. The plaintiff has appealed. The defendant answered the appeal asking for the affirmation of the judgment and in the alternative, if the judgment be amended, the amount awarded the defendant be increased. The case is submitted on briefs for determination.

There is a dispute as to what part of the property belongs to the community; the amount the community is indebted to the defendant; and the amount the plaintiff is indebted to the community.

The 80 acres of land, aforementioned, was acquired during the community by the defendant for a cash consideration without any stipulation that it was purchased with the separate funds of the defendant for his separate benefit. It is so well established in the jurisprudence of this State that property purchased by the husband during the community without declarations in the title showing that. that price paid was the separate funds of the husband and that it was his intention to acquire the property for the separate benefit of his estate, or words to that effect, that it is unnecessary to cite authorities to that end. The defendant purchased the 240 acres of land, aforementioned, during the existence of a prior community, but purchased the heirs' one-half interest during the existence of the community between himself and Mrs. Lou Vails. In the deed from one of the heirs to the defendant there is no mention made that the purchase was with the separate funds of the defendant or for his separate benefit. However, in the deeds from the other heirs to the defendant it is in effect stated that the heirs' interest in the property was purchased with the separate funds of the defendant owned by him prior to his marriage to his second wife.

■ In order to preserve the title in the separate estate of the husband, it is necessary to recite two things in the deed: First, that the price is paid with the separate funds of the husband; and, second, that it is the husband's intention to acquire the property for the benefit of his separate estate, or words to that effect. Young v. Young, 5 La.Ann. 611; Bass v. Larche, 7 La.Ann. 104; Joffrion v. Bordelon, 14 La.Ann. 618; Durham v. Williams, 32 La.Ann. 162; Succession of Merrick, 35 La.Ann. 296; Moore v. Stancel, 36 La.Ann. 819; Heirs of Murphy v. Jurey, 39 La. Ann. 785; 2 So. 575; Hero v. Bloch, 44 La.Ann. 1032, 11 So. 821; O'Neil v. Walker, 45 La.Ann. 609, 615, 12 So. 872; Hall v. Toussaint, 52 La.Ann. 1763, 28 So. 304; Succession of Muller, 106 La. 89, 30 So. 329; Succession of Burke, 107 La. 82, 31 So. 391; Sharp v. Zeller, 110 La. 61, 34 So. 129; McWilliams v. Stair, 128 La. 752, 55 So. 343; Succession of Andrus, 131 La. 940, 60 So. 623; Succession of Watkins, 156 La. 1000, 101 So. 395.

■ There was no recital in the deed from the children to the defendant transferring their interest in the personal property to the effect that it was the intention

of the defendant to acquire the property for the benefit of his separate estate. Therefore, the children's undivided one-half interest having been acquired during the second community would become the property of that community. The undivided one-half interest of the defendant in the 240 acres of land, aforementioned, and the undivided one-half interest in the personal property, which the defendant owned of his own right, would be his separate property, but the undivided one-half interest acquired in this property during the existence of the community would fall into the community. There seems to be no serious contention over the indebtedness of the plaintiff to the community. Counsel for the plaintiff in his brief has not urged any objection to this item. As to the indebtedness of the community to the defendant, it appears that the judgment is correct. The community has been benefited at least to the amount allowed the defendant by the lower court. The counsel for the plaintiff contends that the defendant has not proved a single item of the indebtedness against the community with the degree of certainty required by law. This seems to be the contention the counsel relies on as to the indebtedness to the defendant. The inventory and appraisement of the effects of the first community was filed in evidence, the defendant filed an itemized list of the various items constituting the indebtedness and testified to the correctness thereof. We find no testimony in the record contradicting this evidence.

For the reasons assigned, the judgment of the lower court is amended by decreeing that an undivided one-half interest in the 240 acres of land situated in Bienville Parish is community property, and as thus amended the judgment is affirmed.

On Rehearing

ROGERS, Justice.

A rehearing was sought by and granted to plaintiff on the sole question of whether the proof offered by defendant was sufficient to sustain the judgment of $11,502.28, allowed plaintiff against the second community.

There is no fixed rule or standard of proof required to establish that the contribution of the separate funds of the husband has been used to benefit the community. To establish such a claim it must be shown with reasonable certainty that the community still had the benefit of the contribution at the time of its dissolution, and that the separate funds were not wasted by the husband or disposed of for his separate benefit. Munchow v. Munchow, 136 La. 753, 67 So. 819; Succession of Ferguson, 146 La. 1010, 84 So. 338; Succession of Provost, 190 La. 30, 181 So. 802.

Plaintiff admits that Bell, the defendant, at the beginning of the second community, was the owner of one half of the property of the first community, and that the second community is indebted to defendant for the property which he brought into and which was used by the second community. In the sixth paragraph

of her petition,. plaintiff alleges that the community which existed between her mother and· the defendant is indebted to the defendant for the separate property owned by the defendant, which he brought into the community and which was used by the community, but the amount of which "is not known to your·petitioner, but which amount will be definitely shown and fixed upon the trial of the case." In the prayer of her petition, plaintiff asks that the defendant "be paid by preference and priority the amount of his claim against the community and representing his separate property that was used by the community."

Defendant, in his answer, admits the allegations contained in the sixth paragraph of plaintiff's petition and then avers that he brought into the second community $12,234.69, which was used for the benefit of the community, and that the community is indebted to him for that amount, "all of which is more fully shown by the itemized account hereto attached and made a part hereof, and each item on said account was well worth the amount as shown." In the prayer of his answer, plaintiff, among other things, asks for judgment against the second community for the amount shown on the attached itemized account.

The trial judge, in rendering judgment for defendant, reduced his claim against the second community from $12,234.69 to $11,508.27. The reason for the reduction of $732.36 in defendant's claim is not set forth in the record.

Counsel for plaintiff argues that the statement attached to defendant's answer is ex parte and that it was admitted in evidence over his objection.

█ It is obvious that the statement was attached to the answer in response to the allegation of the petition that the amount, which defendant brought into the second community and which was used for the benefit of the community, was unknown but would be definitely shown on the trial of the case. The statement was offered in evidence and objected to only after counsel for plaintiff had called defendant for cross-examination and had examined him categorically on each item set forth on the statement. Under the cross-examination by plaintiff's counsel and the later direct examination by his own counsel, defendant testified as to the correctness of all the items listed on the statement, and also that the property in question went into the second community and that the second community was benefited to the extent of the amounts shown on the statement. Under these circumstances the objection that the statement is ex parte and inadmissible loses its force.

The testimony of the defendant was corroborated as to various items on the statement by Dr. E. Blume, Wilbur C. McDonald, President of the Jackson Parish Bank, Charles Stringer, and Jack Bell. No countervailing testimony was offered on behalf of plaintiff. The testimony of defendant, who is a farmer, that his farming operations during the existence of the second community were unfavorable, is not disputed. Nor is it disputed that the funds

of the first community were not wasted by defendant, or that any portion of those funds were invested by defendant except for the benefit of the second community.

Our re-examination of the record satisfies us that at the time of his second marriage to plaintiff's mother defendant owned all the personal property shown by the statement attached to his answer, and that after the marriage he sold the property for not less than the amounts shown on the statement, and invested the proceeds in the purchase of real and personal property that went into the second community.

The record shows that plaintiff, at the time of the marriage of her mother to the defendant, was five years of age, and that she was reared by defendant as if she were his own child.

For the reasons assigned, our original opinion is reinstated and made the final judgment of this court.