This is a suit by a divorced wife against her former husband and a third party to annul, as simulated and fraudulent, a purported act of sale of real property allegedly belonging to the community and to have said property judicially recognized as community property.
In order that the problem presented may be readily understood, it is apt, at the outset, to state the admitted facts. John and Eva Thomas (colored) were married on September 16, 1919. During the marriage, a piece of real estate bearing No. 410 DeArmas Street in the Fifth District of New Orleans was acquired, where the couple resided until September 22, 1931, when Thomas left his wife and went to live with one Lilly Lyons, the other defendant in the case. Eva Thomas remained in possession of the real estate and has continuously resided thereon up to the present time. On September 29, 1931, about a week after he left his wife, Thomas transferred the property to Lilly Lyons for an alleged consideration of $100 and the assumption of the balance of a homestead loan thereon amounting to $419.95. In that act of sale, it is stated that he was married to Eva Thomas and that he was residing with her. On November 13, 1931, or a short time after she obtained a deed, Lilly Lyons attempted to dispossess Eva Thomas by a rule for ejectment in the Second City Court of New Orleans which was based on the allegation that Eva Thomas had failed to pay the monthly rental of $10. In due course, Eva Thomas appeared through her attorney and asserted that Lilly Lyons was not the owner of the property; that the purported deed was a simulation; that the property belonged to the community existing between her husband and herself and that she was occupying the premises as his wife. Shortly after Eva Thomas raised this defense, Lilly Lyons discontinued the suit.
Again, in April 1932, Lilly Lyons attempted to obtain possession of the premises by filing a rule for possession in the Second City Court. The second proceeding was brought against John Thomas, the husband, and occupants of the premises on De Armas Street. The service was made by nailing the notice on the door of the house, although Lilly Lyons was well aware of the fact that John Thomas was living at her own home. Judgment on this rule was entered by default. Thereafter, a writ of ejectment was issued and, while Eva Thomas was away at her work, the constable entered the premises and placed all of the furniture on the sidewalk. When Eva returned from work and discovered the furniture removed from the house, she contacted her attorney and, upon his advice, put the furniture back in the house. Subsequently, a rule for contempt was taken against her by Lilly Lyons but this rule was never tried and, apparently, is still pending in the Second City Court.
Three years later, in February 1935, John Thomas brought suit against Eva for an absolute divorce on the ground of adultery but the case was successfully defended by her and the suit was dismissed. Things remained in this state until October 11, 1944, when John Thomas filed the present proceeding in the Civil District Court against Eva for an absolute divorce on the ground that they had been living separately and apart for two years. Judgment by default was rendered in the cause on November 3, 1944 and the matter has long since become final. A few weeks after the divorce decree was rendered, Lilly Lyons, renewing her attempt to have Eva Thomas ejected from the property on De Armas Street, filed another rule in the Second City Court under Act No. 298 of 1938, The Sharecroppers Act, for possession of the *Page 760 
premises. Eva defended the rule on a number of grounds, without success, and a judgment of eviction was rendered on September 28, 1945. However, a suspensive appeal has been prosecuted by her from the judgment and that matter is now pending in this court.
Within two days after the judgment of eviction had been rendered against her in the Second City Court, or on September 28, 1945, Eva Thomas filed the present proceeding in the divorce action in the Civil District Court, in which she alleges that the conveyance by her former husband to Lilly Lyons on September 29, 1931 was simulated and fraudulent; that the recited consideration for the transfer was not paid and that the entire transaction was nothing more than an attempt on the part of the defendants, John Thomas and Lilly Lyons, to defraud her of her interest, right and title to said real estate. She prayed that the court set aside the purported act of sale to Lilly Lyons and decree that the property belonged to the community of acquets and gains which heretofore existed between her divorced husband and herself and that, finally, the property be partitioned by appropriate proceedings hereafter.
The defendants appeared and excepted to plaintiff's petition on the grounds (1) that the matters complained of therein are res adjudicata and (2) that the complaint did not disclose a cause or right of action. These exceptions were overruled. Thereafter, defendants filed their answer in which they denied that the transfer of the real estate was simulated, asserting that the consideration recited in the act was paid, They further filed a plea of estoppel which was based on the theory that Eva Thomas was not entitled to assert any rights to the property because, in the petition for divorce filed by her former husband, it had been alleged that there was no community property and that she had permitted judgment to go by default. In addition, they pleaded the prescription of ten years.
After a trial in the district court on these issues, there was judgment in favor of Eva Thomas setting aside the transfer of the real estate to Lilly Lyons and declaring that the property belonged to the community of acquets and gains formerly existing between John and Eva Thomas. It was further ordered that the rights of all of the parties to make claims against the community for any amounts advanced by them out of their separate funds, or otherwise, for the benefit of the community property, were reserved. John Thomas and Lilly Lyons have appealed from the adverse decision.
Counsel for defendants asserts that the District Judge was in error in not sustaining (1) the plea of res adjudicata, (2) the exception of no right or cause of action, (3) the plea of estoppel and (4) the plea of prescription of ten years.
[1] The plea of res adjudicata is based on the theory that, because John Thomas alleged in the divorce action that there was no community property acquired during the marriage and Eva permitted judgment to be entered against her by default, she is not now foreclosed from asserting that the transfer from Thomas to Lilly Lyons was an invalid and fraudulent sale of community property. No authorities are cited in support of this plea.
Article 2286 of the Civil Code reads:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It is difficult to see how the judgment in the divorce action, which was merely a decree dissolving the bonds of matrimony, could be construed as an adjudication that there was no community property in existence at the date of its rendition. There is no declaration in the judgment to that effect nor did John Thomas pray that the court render such a decree. The thing demanded in the divorce action was a dissolution of the marriage on the ground that the parties had been living separately and apart for two years. The present demand is an action to annul a sale on the ground that it was simulated and fraudulent. The thing demanded is not the same; it is not founded on the same cause of action; it *Page 761 
is not between the same parties, as Lilly Lyons is a party defendant to this suit, and it is not formed by them against each other in the same quality. Thus, none of the codal requirements are present. The mere fact that John Thomas alleged that there was no community property existing between his wife and himself was not an issue determined by the default judgment and that judgment cannot be pleaded as the thing adjudged in this cause.
[2] Defendants' exception of no right or cause of action is founded on the theory that Eva Thomas was without right to file the present action in the divorce proceeding since the demand is entirely disconnected with the divorce suit and against different parties. This contention relates solely to procedure and cannot be considered under a peremptory exception — for, unquestionably, the petition states both a right and cause of action. The objection to the method of procedure could be raised only by a dilatory exception of misjoinder of causes of action and parties defendant filed in limine.
[3] Under defendants' plea of estoppel, they make the same argument advanced by them on their exception of res adjudicata — that is that, since Eva Thomas permitted the judgment of divorce to be entered against her by default and since the petition in that suit alleged that there was no community property, she is now estopped from contending otherwise. The point is without merit as we are unable to see how the failure of Eva Thomas to contest the divorce suit could have prejudiced the defendants in any way or lulled them into the belief that she recognized the validity of the alleged fraudulent sale.
[4] The defendants have also pleaded the prescription of ten years. We are not informed, however, whether they rely upon the prescription acquirendi causa under Articles 3474-3478 of the Civil Code which applies to good faith possessors holding by just title or the ten year prescription liberandi causa applicable to personal actions under Article 3544. In either case, the plea is not well founded. The defendants have not acquired a prescriptive title as they have never had possession of the property. The ten year liberative prescription applies only to personal actions, whereas, the present suit is a real action involving the title of an immovable. See Peterson v. Moresi, 191 La. 932, 186 So. 737.
[5] The only issue involved on the merits of the case is one of fact, i. e., whether or not the transfer to Lilly Lyons was made for the purpose of defrauding Eva Thomas of her community interest in the real estate. The deed recites that the sale is made for $100 cash and the assumption by Lilly Lyons of the existing mortgage on the property. Lilly Lyons and John Thomas testified that the $100 cash recited in the act was paid at the time of the transaction and the former's daughter avouches that her mother kept up the monthly installments due to the homestead. On the other hand, there are many suspicious circumstances regarding the sale which evidently convinced the District judge that the transfer was a sham and made with the design of defrauding Eva Thomas of her community interest. Those circumstances are that Eva Thomas has been in continuous possession of the property since she was deserted by her husband in 1931; that Lilly Lyons abandoned her suit for ejectment of Eva Thomas in 1931, as soon as the latter assailed the validity of the transfer; that she later attempted to obtain the ejectment of Eva Thomas by filing proceedings against John Thomas and occupants although she was aware that John Thomas was not in possession of the premises and that, after she obtained a writ of ejectment and had ruled Eva Thomas in Court for contempt for violation of the writ, she took no steps to bring this rule to trial; that Eva Thomas was recognized by the homestead mortgagee as the party responsible for the payment of the mortgage and that she paid all installments, principal and interest due on said mortgage from 1939 until the debt was liquidated.
In our opinion, the foregoing facts are of such force as to cast grave doubt upon the veracity of defendants' evidence and *Page 762 
we not only fail to see manifest error in the conclusion of the trial judge but believe that his judgment is eminently sound.
The only other question left for consideration is an alternative plea made by defendant, John Thomas, in his answer. He maintains that, even though the sale to Lilly Lyons is set aside, he should nevertheless be recognized as the owner, in his separate right, of an undivided one-fourth of the property in contest as he inherited such interest from his mother and father and was placed in possession thereof by judgment of the Civil District Court in the proceedings entitled "Successions of Alfred and Elvira Thomas," No. 172,934 of the docket of the court.
It is not disputed that John Thomas originally acquired an undivided one-fourth interest in the property from his mother and father and that he, together with other heirs, was placed in possession of the parcel of real estate on January 24, 1928. It further appears that, on February 14, 1928, John Thomas and the other heirs sold the property to the Fifth District Homestead Association for a stated consideration of $400 and that, on the same date, the homestead conveyed the entire property to John Thomas alone, retaining a vendor's lien and first mortgage thereon of $400. Later, on March 15, 1928, John Thomas again reconveyed the property to the homestead for $500 and there was another resale from the homestead to him for the same amount.
[6] Counsel for Eva Thomas contends that, even though John Thomas acquired originally a one-fourth interest in the property by inheritance, his plea for recognition of such interest must be denied for the reason that, in the acts of sale from the homestead, he did not stipulate that he was purchasing the property with his separate funds nor did he state therein that the property was being acquired for his separate estate. In support of this proposition, counsel relies upon the well-established jurisprudence (interpreting Article 2402 of the Civil Code) which holds that there is a presumption in favor of the community, juris et de jure, in cases where a married man buys real estate in his own name without a stipulation in the deed that it was bought with his own funds and for his separate estate. See Succession of Watkins,156 La. 1000, 101 So. 395; Kittredge v. Grau, 158 La. 154, 170,103 So. 724; Schoeffner v. Schoeffner, 163 La. 142, 111 So. 655; Succession of Bell, 194 La. 274, 193 So. 645 and Sanderson v. Frost, 198 La. 295, 3 So.2d 626.
[7] In Succession of Bell, supra [194 La. 274, 193 So. 646], the Supreme Court, in speaking of real estate purchased by the husband during the existence of the marriage, observed:
"In order to preserve the title in the separate estate of the husband, it is necessary to recite two things in the deed: First, that the price is paid with the separate funds of the husband; and, second, that it is the husband's intention to acquire the property for the benefit of his separate estate, or words to that effect."
[8] The foregoing authorities control the situation presented in the case at bar inasmuch as counsel for John Thomas does not assail the transfer from the homestead to Thomas on the ground that it is in reality a mortgage and not a sale insofar as it operates to change the status of the property from separate to community. If a challenge had been made, the decision of the Supreme Court in Mayre v. Pierson, 171 La. 1077, 133 So. 163, might have considerable bearing upon the conclusion to be reached. However, in the absence of a contention that the transfers by Thomas and other co-owners to the homestead and the resale by the homestead to Thomas effectuated merely a mortgage in respect of the undivided one-fourth interest of Thomas in the real estate, the jurisprudence relied on by counsel for Eva Thomas is complete authority for the holding below that the entire property belongs to the community heretofore existing between the divorced spouses. Whatever claim John Thomas may have against the community for amounts advanced by him out of his separate funds or estate in the acquisition of the property for the benefit of the community has been reserved by the trial judge. *Page 763 
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.