SAMUEL, Judge.
This suit results from an intersectional collision between an automobile and a station wagon. Plaintiffs are husband and wife; he sues, individually and for the use and benefit of their minor child, for special damages and for personal injuries sustained by the child in the accident; she, Mrs. Roussel, seeks recovery for her personal injuries. Named defendants were the driver of the defendant automobile and his liability insurer. The driver was dismissed from the suit prior to trial and the insurer is the only remaining defendant. After trial, and a finding of fact by the trial judge that the accident had been caused by the plaintiff driver “when he ran through a red light”, there was judgment in favor of the defendant, dismissing plaintiffs’ suit. Plaintiffs have repealed.
The collision occurred shortly before noon on a clear day in the intersection of Jackson Avenue and Carondelet Street in the City of New Orleans. The intersection was controlled by electrically operated traffic lights and was partially “blind”; according to his own testimony, each driver saw the other vehicle only momentarily before the collision. The driver of the defendant automobile was alone in his car traveling on Jackson in a southerly direction towards the river. The injured plaintiff, Mrs. Rous-sel, and her injured minor child were passengers in the Roussel station wagon which was being driven by a family friend on Carondelet in an easterly direction towards the central New Orleans business district.
The sole material fact at issue is which of the two drivers had the favorable or green traffic light. As there are no facts *517 which possibly could result in negligence on the part of the driver who had the green light, or relieve from negligence the one who had the red light, the answer to that question is determinative of liability.
Five witnesses testified regarding facts involved in the occurrence of the accident and events, which relate to credibility, immediately following the collision. Two, the driver of the defendant automobile and the investigating police officer, were defendant witnesses. Three, the injured plaintiff, the driver of the plaintiff station wagon and a Mrs. Pennington (who became a resident of another state following the accident and who testified by deposition), were called by the plaintiffs.
The driver of the defendant automobile stated he was proceeding at approximately 25 miles per hour (within the speed limit according to testimony in the record) and entered the intersection on a green light. He did not see the station wagon, which entered the intersection on a red light, until that vehicle was just a few feet away from him, making the collision unavoidable.
Both the injured plaintiff and the driver of the plaintiff station wagon testified that when their vehicle was approximately half a block from the intersection the traffic signal for Carondelet was yellow. The speed of their vehicle was lessened, the traffic light changed from yellow to green just before they reached the intersection and, without stopping, they proceeded to cross. In his reasons for judgment the trial judge observed that in the sequence of changes in traffic lights a red light turns directly to green; while there is an intervening yellow or amber light between the change from green to red, there is no intervening light when the change is from red to green.
The third plaintiff fact witness, Mrs. Pennington, testified by deposition: She saw the accident occur while she was sitting on the porch of the Jackson Avenue apartment in which she resided at that time. The plaintiff vehicle was crossing on a green light and the defendant automobile was crossing on a red light. After the collision she went to the scene and there gave her name and a statement of what she had seen to the investigating police officer. She also stated she had not known Mrs. Roussel, the plaintiff, prior to the accident.
However, the investigating police officer testified there had been no witnesses to the accident other than occupants of the two vehicles, no one had given him his or her name as a witness and he had not spoken to Mrs. Pennington. In addition, this suit is in forma-pauperis and Mrs. Pennington had signed the affidavit required for the exercise of that privilege[1]. Her affidavit is attached to the petition and states, in part, “. . . she knows of her own knowledge that the said Ethel Roussel, Wife of/and Harold Roussel have been residents of the State of Louisiana for over the past three years consecutively, . . The accident occurred November 13, 1965 and the affidavit was signed on May 9, 1966.
 Thus the testimony is directly conflicting and in order to arrive at a determination of which vehicle had the favorable green light one version of that fact must be believed and the other disbelieved. As witnesses are weighed and not counted, our established jurisprudence is that on questions of fact involving the credibility of witnesses the trial judge will be reversed only for manifest error[2]. Here we find no error; to the contrary, we agree with the trial judge’s finding.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. See LSA-O.C.P. Arts. 5181 and 5183.

. Naquin v. Van Court, La.App., 222 So.2d 601, and cases cited therein.