284 So.2d 836 (1973)
Mrs. Ruby Aubert VICKNAIR
v.
Edward VICKNAIR.
No. 5615.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*837 Martin, Himel & Peytavin, Lloyd R. Himel, Lutcher, for plaintiff-appellant.
Remy F. Gross, II, Paul E. Ramoni, Jr., LaPlace, for defendant-appellee.
Before GULOTTA and BOUTALL, JJ., and WICKER, J., pro tem.
GULOTTA, Judge.
In this suit by a husband to partition by licitation community property, plaintiff, husband, seeks reimbursement from the community estate to his separate estate. The trial judge ordered reimbursement in the sum of $3,500.00. Defendant wife appeals.[1] We amend.
Edward Vicknair and Ruby Huguet Aubert were married on August 11, 1957. This marriage was dissolved by a divorce decree on December 28, 1970. In 1961, during the marriage, the husband sold a house and lot acquired by him prior to the marriage. The sale price was $5,000.00. Also during the marriage, plaintiff, husband, purchased a lot on which he constructed an apartment building and a brick home. It is his claim that these improvements were constructed with funds derived from the prior sale of his separate property, and, therefore, he is entitled to reimbursement from the community to the extent that the separate funds were expended on the improvements.
Neither party to this suit contends that the trial judge erred in finding that the property purchased or improvements made *838 thereon became community property; however, the wife disputes the sufficiency of proof by plaintiff that his separate funds were used to enhance the community. Defendant further complains that plaintiff's pleadings seek reimbursement only to the extent of $2,000.00. Accordingly, she claims the court erred in awarding reimbursement in the sum of $3,500.00.
With regard to defendant's first contention, our jurisprudence has recognized that real property purchased during the existence of the community without a declaration that the property is purchased with the husband's separate funds (as in the instant case) is conclusively presumed to be community property. Thus, the real estate and the improvements thereon are community assets. Poole v. Poole, 270 So. 2d 218 (La.App. 1st Cir. 1972); Succession of Chapman, 225 La. 641, 73 So.2d 789 (1954). Nevertheless, the husband's separate estate will be deemed a creditor of the community, and thus entitled to reimbursement, to the extent his separate funds were expended in enhancing the community estate. Gouaux v. Gouaux, 211 So.2d 97 (La.App. 1st Cir. 1968). However, no presumption exists that the husband who possesses separate funds prior to marriage has used those funds to benefit the community. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956).
He who seeks reimbursement has the burden of showing that his separate funds were used in the enhancement of the community assets. Succession of Bell, 194 La. 274, 193 So. 645 (1940); Abunza v. Olivier, 230 La. 445, 88 So.2d 815 (1956).
In Succession of Bell, supra, the court was confronted with a claim by a husband that his separate estate was entitled to reimbursement from the community. A rehearing was granted solely for the purpose of determining whether there was sufficient evidence to justify a reimbursement. In that case, it was claimed that an ex parte statement attached to an answer itemizing particular separate contributions was not admissible. The Supreme Court concluded that testimony as to correctness of the statement constituted sufficient evidence. The court stated on page 647 of its opinion:
"There is no fixed rule or standard of proof required to establish that the contribution of the separate funds of the husband has been used to benefit the community. To establish such a claim it must be shown with reasonable certainty that the community still had the benefit of the contribution at the time of its dissolution, and that the separate funds were not wasted by the husband or disposed of for his separate benefit."
See also Succession of Cormier, 52 La. Ann. 876, 27 So. 293 (1900).
In the instant case, plaintiff testified that the funds derived from the sale of his separate property were used in the improvement of the community real property. According to the wife, the improvements to the community real property were made with funds obtained from her and Vicknair's work and from loans. Oscar Vicknair, plaintiff's son who purchased his father's separate property, stated Vicknair told him he used the funds derived from that sale to improve the community property.
The trial judge concluded that plaintiff sufficiently carried the burden of proof required. This finding was obviously based upon the testimony of Edward and Oscar Vicknair. We find no error in the acceptance of the testimony of plaintiff and rejection of that of his wife. In matters such as this, where an appellate court is confronted with an issue of fact involving the credibility of witnesses, the finding of the trial judge is not to be reversed unless it is manifestly in error. Roussel v. *839 Lindsey, 262 So.2d 516 (La.App. 4th Cir. 1972).
Nevertheless, we are of the opinion that the reimbursement should be reduced to $2,915.66. Plaintiff bases his claim for a reimbursement of $3,500.00 solely upon the expenditure of funds derived from the sale of his separate property. At the time of the sale of the separate property, that property was encumbered with a mortgage upon which there was a balance due and owing in the amount of $2,084.34. In the act of sale, Vicknair obligated himself to pay the debt in full and cancel the mortgage. Thus, the maximum amount that could have inured to the benefit of community estate would be the difference between the sale price ($5,000.00) and the balance owed ($2,084.34). The maximum reimbursement would, therefore, be $2,915.66.
We find no merit further in the wife's second contention, i. e., the amount of the reimbursement award exceeded the amount sought in the pleadings. While it is true that evidence was offered to show that a greater amount of separate funds was derived from the sale of separate property and used in the improvement of the community realty than was sought in the pleadings, nevertheless, no objection was made to this testimony. Defendant cannot now be heard to object to the enlargement of the pleadings. See Murphy v. Central Louisiana Electric Company, 261 So.2d 694 (La.App. 3rd Cir. 1972).
Accordingly, the judgment of the trial court is affirmed insofar as it grants reimbursement from the community estate to the separate estate of plaintiff, Edward Vicknair; but it is amended to reduce the amount of the trial court's award from $3,500.00 to the sum of $2,915.66 with interest thereon from date of judicial demand until paid. Costs to be paid by defendant wife.
Amended and affirmed.
NOTES
[1] The wife is the plaintiff in the separation and divorce suits but defendant in the partition suit.