WESTERN DIST.
*October*, 1836.

BACA
*vs.*
RAMOS ET AL.

BACA *vs.* RAMOS ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE
JUDGE OF THE SEVENTH PRESIDING.

Where a commercial partnership purchases immovable property, as a house and lot, which is paid for out of the partnership funds, and the title taken in the name of the firm, the partners become joint owners, and either may sell his undivided share, which is also liable to seizure for his private debts.

The title is in the partner for his undivided share of real estate, which may be sold by him or by his creditors, but when the property belongs to a commercial partnership, he must account to his co-partners for the price or value thereof.

So where a partner sells his interest in the partnership to his co-partners, for a certain sum, he cannot afterwards demand a sale for a partition of certain real estate, held by the commercial firm of which he was a member, as the price or value belongs to the other partners.

The courts of Louisiana, acting on principles of equity, will enforce the rights of the equitable owner to immovable property or rights, by compelling the legal one to make a conveyance.

This is an action instituted in the first place, to rescind a sale or transaction, by which the plaintiff sold his interest in a commercial partnership to his co-partners, on the score of lesion, and to recover the one third of an undivided interest in a lot of ground which had been purchased, and the title taken in the name of the firm while he was a member.

The plaintiff alleges, that in May, 1833, he sold his one third interest in a partnership stock, to his two co-partners, for two hundred and fifty dollars, on their representation that this was an equitable division. He had confided the business to his co-partners, but has ascertained that the property of the concern was worth at least three thousand dollars, which would have given him a share of one thousand dollars. That he was deceived by the defendants, who had charge of the books and accounts, and knew well the worth and condition of the firm, and in consequence, he has suffered great loss or lesion, and is entitled to relief; and further, that he is the owner of one third of a lot of ground purchased jointly with his co-partners during the partnership.

He prays judgment for the sum of seven hundred and fifty dollars, and that the lot of ground in question be sold, to put an end to the indivision that exists, and the one third of the proceeds be paid over to him.

The defendants pleaded the general issue. They aver, that the partnership was dissolved the 23d of May, 1833, and that the plaintiff received for his share two hundred and fifty dollars, and gave his receipt therefor, and assent to the transaction.

The evidence disproved the allegation, that the plaintiff had suffered lesion; but it appeared, that a short time before the

dissolution of the partnership, in April, 1833, a house and lot were purchased by the firm for five hundred dollars. The act of sale states, that the vendor "sells to Joseph Ramos, Antonio Baca, and Jose Preba, partners, trading in the town of Natchitoches, under the firm and style of Joseph Ramos & Co., one half of a lot of ground, &c. in consideration of having received from Ramos & Co., the sum of two hundred and fifty dollars, and their promissory note for two hundred and fifty dollars, secured by mortgage on the premises," &c.

The receipt of the plaintiff, which he gave on the dissolution of the firm, in May following, expresses on its face, that he has received from the other two partners two hundred and fifty dollars, for his share of the partnership, and gives a full acquittance.

The district judge gave judgment for the plaintiff, that the lot be sold and the proceeds divided equally among the three partners. The defendants appealed.

*Gayoso*, for the plaintiff.

*Dunbar, contra.*

*Martin, J.* delivered the opinion of the court.

The defendants are appellants from a judgment which decrees the sale of a house and lot, (purchased by the parties to this suit, during the existence of a commercial partnership between them,) for the purpose of making a partition.

It appears that after the purchase, the partnership was dissolved by agreement, under which the plaintiff received the sum of two hundred and fifty dollars, as the amount of his interest in the partnership concern. The defendants having paid this sum to the plaintiff, retained the possession of all the property of the partnership, and continued in the business of the concern.

The only question which this case presents, is, whether the house and lot was part of the partnership property.

The counsel for the plaintiff and appellee, contends that this is joint property, in which he is joint owner, and not

Where a commercial partnership purchases immovable property, as a house and lot, which is paid for out of the partnership funds, and the title taken in the name of the firm, the partners become joint owners, and either may sell his undivided share, which is also

BACA
*vs.*
RAMOS ET AL.

liable to seizure for his private debts.

The title is in the partner for his undivided share of real estate, which may be sold by him, or by his creditors; but when the property belongs to a commercial partnership, he must account to his co-partners for the price or value thereof.

So, where a partner sells his interest in the partnership to his co-partners, for a certain sum, he cannot afterwards demand a sale for a partition of certain real estate held by the commercial firm, of which he was a member, as the price or value belongs to the other partners.

The courts of Louisiana, acting on principles of equity, will enforce the rights of the equitable owner to immovable property or rights, by compelling the legal one to make a conveyance.

partnership property. *Louisiana Code,* 2796. *3 Louisiana Reports,* 496.

The act of sale, by which the premises was acquired, shows that the purchase was made by the parties to this suit as partners, trading under the firm of Joseph Ramos & Co., and a note was given for one half of the price, bearing the signature of the firm. The partners were joint owners, and either of them might have sold his undivided share or interest in the property, which was liable to seizure for his private debts. *3 Louisiana Reports,* 496. But in case of such sale and seizure, he must have accounted to his partners for the price. Neither could he have occupied any part of the property for his private use, without compensating his co-partners. In fact, the title to one undivided third was in him, but the value thereof belonged to the partnership. When the plaintiff withdrew from the partnership, and received a given sum, he relinquished his interest in the value of the house and lot in question to his co-partners. He has, therefore, no right to demand a sale for a partition, as immediately after it, the price, being the value of the premises, would instantly become the property of the defendants.

The distinction which we have taken between the title, by which the property is held, and the value thereof is well known in the other states of the Union, where the common law prevails. These rights are there distinguished by the expressions, "legal title," and "equitable title." There, courts of equity enforce the rights of the equitable owner, by compelling the legal one to make a conveyance to the other, precisely as this court did in the case of Hall *vs.* Sprigg, 7 Martin, 243.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District be annulled, avoided and reversed, and that ours be for the defendants, with costs in both courts.