## SPEARS et al. v. NUGENT.

Where a party requires his adversary to answer interrogatories or to produce a book in open court, the day on which the interrogatories are to be answered, or the book produced, must be fixed by the judge, and notified to the party. C. P. 951. Fixing the day of trial as that on which the answers are to be given or the book produced, is not a sufficient designation of the day, unless ascertained with certainty in the order notified to the party. Nor is the usual weekly notice posted in the court-room, of the days for which the cases are fixed, sufficient. *Per Curiam:* Whenever an act is to be done by a party personally, which cannot be done by his counsel, he is entitled to a special notice of the order, and of the particular day on which he is required to comply with it, before he can be deemed to be in default.

---

SPEARS
*v.*
NUGENT.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*T. J. Lacy* and *Hunton,* for the plaintiffs. The interrogatories annexed to the supplemental petition, were properly taken *pro confessis.* The defendant was required to answer them in open court, on the day of trial. The Code of Practice, art. 463, provides that cases shall be fixed for trial on the docket of the court, and for *all purposes* connected with the trial the *parties* are bound to take notice of the day so fixed. The order was made by virtue of the Code of Practice, art. 351. The party refusing to answer, the interrogatories were properly taken for confessed. Code of Practice, art. 349. It is true, the record does not show *when* the case was fixed for trial, nor does any record in this court show when the causes may have been fixed. The presumption is that it was properly done, until the contrary is shown.

The neglect and refusal of the defendant to bring into court, in obedience to its orders, the ledger of *Turpin, Watt & Co.,* which order was based upon the affidavit of the *agent* of the plaintiff, authorized the court to consider the fact sworn to as confessed.

The fact sworn to was. that the ledger of the firm of *Turpin, Watt & Co.* would show the indebtedness of defendant. The Code of Practice, art. 140, provides, that the facts stated in such an affidavit as was made in this case, shall be considered as confessed, unless satisfactory evidence be shown of the impossibility of producing the documents. Article 143 of the Code of Practice provides that, where a party has been ordered to produce books or papers, he must deliver them previous to, or on the day of the trial, to the clerk of the court. See also Code of Practice, art. 473.

*Grymes,* for the appellant. 1. The judgment was rendered without sufficient evidence. The only evidence upon which it rests is the order taking the interrogatories of the plaintiff for confessed, and the order taking the facts set forth in the affidavit of the plaintiff's attorney for confessed. The day fixed by the court for the answering the interrogatories in open court, was the day of the trial of the cause. The Code of Practice requires the judge to fix a day on which the interrogatories shall be answered. Code of Practice, art. 351. The order was made at the instance and on the prayer of the plaintiffs. The day of trial is a day uncertain, and when the plaintiff took upon himself to ask of the court to fix a day uncertain, depending upon many contingencies, he took upon himself the responsibility of citing or notifying the defendant of the happening of the contingency, which would render his personal attendance necessary, in compliance with the order of the court. The record shows no notice to the defendant that the cause was to be tried on the 10th February, 1845. The taking the interrogatories for confessed was by surprise, and is no evidence to support the judgment. 10 La. 417.

II. The neglect on the part of the defendant to produce the ledger of *Turpin, Watts & Co.,* was wrongfully taken by the court as a confession of what the plaintiff proposed to prove by the book :

1st. Because the defendant had no notice of the day of trial.

2d. Because the Code of Practice. art. 140, requires that the party should declare, in writing and under oath, what are the facts he intends to establish, and that *the facts stated* and sworn to, shall be taken as confessed, only on the refusal of the party to answer.

The judgment of the court was pronounced by

KING, J. The plaintiffs instituted this action to recover a sum of money with interest, alleged to be due on open account, by *Richard Nugent,* the defendant, as a member of the commercial firm of *Turpin, Watt & Co.,* at the time that the debt accrued. To this petition were annexed interrogatories addressed to the defendant, whose answers were not such as to establish the demand.

On motion of the plaintiffs' counsel the defendant was ordered to produce the ledger of *Turpin, Watt & Co.* on the trial of the cause, on the 11th of December, 1845. The application was supported by an affidavit of the agent of the plaintiffs, of his belief that the ledger called for would show the sum claimed to be due by the defendant. On the 11th of December, the trial was not gone into, and the plaintiffs obtained a second order requiring the book to

be produced on the trial of the cause. On the same day they filed a supplemental petition, propounding further interrogatories to the defendant, which they proposed should be answered in open court on the trial, and an order to that effect was granted. The defendant was notified of both of these orders. No *certain day*, however, was fixed for a compliance with either of them, and the only notice which it is pretended he received of the day of trial, was that effected by posting up in the court-room a list of the causes assigned for each day. The record does not inform us whether, at any subsequent time, the cause was set down for trial. We find, however, that, on the 10th of February following, an order was entered by the court, that the second set of interrogatories propounded to the defendant should be taken as confessed, and that the facts stated in the affidavit for the production of the ledger should be taken as true, the defendant having failed to answer or produce the book. The court thereupon proceeded to render a final judgment in favor of the plaintiffs for the sum claimed, from which the defendant has appealed.

The plaintiffs contend that the court must be presumed to have done its duty, and set the cause down for trial, of which parties are required to take notice at their peril, and that this was a sufficient notification of the day on which the interrogatories were to be answered and the ledger produced.

When a party requires the answers of his adversary to interrogatories to be given in open court, "a day must be appointed to that effect by the judge," by which is understood a day fixed and determined, and of that day the party interrogated must be notified. C. P. 351. 10 La. 417. Fixing the day of trial as that on which answers are to be rendered, is not a sufficient designation of the day, unless it be ascertained with certainty in the order notified to the party. Assuming that the cause was set down for trial, the only notice given of the day assigned was, by posting up in the court room the cases fixed for the week. This is a sufficient notice to counsel to be in readiness for trial, and to that end to make all the preparation that depends upon them. But where an act is to be done by a party personally, which cannot be done by his counsel, he is entitled to a special notice of the order, and of the particular day on which he is required to comply with it, before he can be deemed to be in default for negligence. If the rule were otherwise, litigants would be perpetually exposed to surprise.

The production of the ledger was also an act to be performed by the defendant personally, and a special notification to him of the day fixed for the trial was necessary, before he could be considered to have refused to comply with the order of the court.

The facts of this case present a striking illustration of the injustice which would frequently result from the enforcement of the rule contended for by the plaintiffs. The defendant was asked whether he did not believe that he owed the plaintiffs the sum claimed, and was called on to produce a partnership book, in order to show the indebtedness. His failures to comply with the orders of court at a time of which he only received constructive notice, and of which he was probably ignorant, was taken as a confession of the debt, and a judgment rendered against him on this evidence, when, at the time, his answers to the first set of interrogatories were spread upon the record, in which he had previously informed the plaintiffs that, while he was a member of the house of *Turpin, Watt & Co.*, the business of the firm was conducted in the State of Mississippi, and that he resided in this city, that he knew nothing of the business of the

SPEARS
*v.*
NUGENT.

house, except what he had derived from his partners, and *that he was not in possession of the books of the firm.* Thus facts have been taken as confessed, almost directly opposed to those which the defendant had previously stated under oath.

We think that the judge erred in ordering the interrogatories to be taken as confessed, and in considering the facts stated in the affidavit for the production of the ledger to be true.

It is therefore ordered that, the judgment of the Commercial Court be reversed, and that the cause be remanded for further proceedings, the appellees paying the costs of this appeal.