73 So.2d 789

Succession of CHAPMAN.

No. 40885.

April 26, 1954.

Rehearing Denied May 31, 1954.

Herschel N. Knight, Grenese R. Jackson, Jennings, for J. Howard Wilson, Mrs. Lucille Wilson Walker and Mrs. Wilson Womack, defendants and appellants.

Stone & Toomer, Lake Charles, for Anna W. Chapman, defendant and appellant.

Jos. S. Gueno, Jr., Crowley, curator ad hoc for defendants and appellees.

Bruner, Mayeux & Landry, Crowley, for plaintiff and appellee.

PONDER, Justice.

The Citizens National Bank of Decatur, Illinois, the Executor of the Succes-

sion of Edmund B. Chapman, petitioned the lower court for a declaratory judgment fixing the status of a tract of land containing 163.43 acres with improvements thereon situated in Acadia Parish. The surviving widow, heirs and legatees were made parties to the suit. Upon hearing, the lower court gave judgment decreeing the ownership of the property to be one-half in the community existing between the deceased and his surviving widow and the other one-half to be owned by the deceased individually. The surviving widow appealed and the appellees, the heirs and legatees, have answerd the appeal.

The surviving widow contends that the land in controversy is community property. On the other hand, the heirs and legatees contend that it is the separate property of the deceased and in the alternative they contend that if it is not the separate property of the deceased in its entirety that a one-half interest in the land is the separate property of the deceased.

Edmund B. Chapman and John A. Wilson were brother-in-laws and both lived in the State of Illinois. There is some suggestion in the record that there was some form of partnership existing between them but the proof in the record is not sufficient to establish this fact. The property in Acadia Parish was acquired by Wilson and Chapman on November 15, 1899 in their joint names and in indivision. Subsequently Chapman and Wilson acquired two tracts of land in Calcasieu Parish in their

joint names and in indivision. Thereafter Wilson was interdicted and his curatrix obtained a judgment ordering a partition of the property owned by them in common in the Parishes of Calcasieu and Acadia. The three tracts of land were sold at public sale to effect a partition and the two tracts of land in Calcasieu were bid in by the representatives of Wilson and Chapman bid in the land located in Acadia Parish. The sole question posed for our consideration is the ownership of the land located in Acadia Parish.

■ The presumption in favor of the community is juris et de jure. When a married man buys property in his name without stipulating that it is bought with his separate funds and for his separate use the presumption in favor of the community is juris et de jure. Sanderson v. Frost, 198 La. 295, 3 So.2d 626; Slaton v. King, 214 La. 89, 36 So.2d 648; Lewis v. Clay, 221 La. 663, 60 So.2d 78.

The appellees contend that while the legal title to the lands were in the name of the partners in indivision that the equitable title was in the partnership because the lands were purchased with the partnership funds and that farming operations thereon were conducted by the partnership. In support of this contention they cite: Baca v. Ramos, 10 La. 417; Thomas v. Scott, 3 Rob. 256; May v. New Orleans & C. R. Co., 44 La.Ann. 444, 10 So. 769; Lake End Lumber Co. v. Walker, 155 La. 783, 99 So. 598.

■ The evidence in the record regarding the existence of a partnership and the farming operations on the lands being conducted by the partnership is very indefinite and insufficient to base a conclusion thereon. Moreover, there was no compliance with Article 2836, LSA–C.C., requiring that if any part of the stock of a partnership consist of real estate it must be in writing and recorded in the parish where the property is situated. But be that as it may, it is immaterial whether the lands were previously owned by the partnership or not for the reason that the purchase of the land in Acadia Parish at public sale by Chapman during the existence of the community without stipulating that it was purchased with separate funds and separate use, it is presumed to be community property.

The appellees contend that the purchase of the property in the partition proceedings was acquired by Chapman out of his own share and that it was not such a purchase as to make the property community property and that in effect it was a reciprocal exchange of property. They also rely on an act described as a recognitive act wherein Chapman executed a document sometime after he had purchased the land at public sale wherein it was stated that the property was owned by the partnership.

■■ There is nothing in the record to show that the property was acquired by Chapman with funds solely derived from

the partition sale or that it was in effect an exchange of property. It could under no circumstances be an exchange of property because an interdict was involved and his consent could not be obtained and his curatrix could not give his consent for an exchange without a proper court order. Insofar as the so-called recognitive act is concerned it could not change the status of the property. The status of the property was fixed as of the date the purchase was made. We have recited and discussed the contentions of the appellees but they could not avail under the settled jurisprudence of this state that property purchased by a married man during the existence of the community without any stipulation that it was acquired for separate use and with separate funds is presumed to be the property of the community juris et de jure.

For the reasons assigned, the judgment of the lower court is amended so as to decree the southeast quarter (SE¼) of Section Eleven (11), Township Ten (10) South, Range One (1) East, Louisiana, Meridian, Acadia Parish, Louisiana, containing 163.43 acres, more or less, together with improvements thereon, located in the Parish of Acadia, State of Louisiana to be the property of the community existing between Edmund B. Chapman, deceased, and his surviving widow, Mrs. Anna B. Chapman and as thus amended the judgment is affirmed. All costs to be paid by the appellees.