137 So.2d 898 (1962)
Rufus Frank DARDEN
v.
Ross E. COX.
No. 5457.
Court of Appeal of Louisiana, First Circuit.
January 29, 1962.
Rehearing Denied March 7, 1962.
Kantrow, Spaht & Kleinpeter, by Carlos G. Spaht, Baton Rouge, for appellant.
Laycock & Stewart, by Ashton Stewart, Elmo Lear, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
The appeal taken herein by defendant Ross E. Cox presents for resolution a single issue of law, namely, whether real property, purchased with partnership funds, in the individual name of a member of a partnership unauthorized under our law to hold title to immovable property, dedicated to partnership use and carried on the books of the partnership, belongs to the partnership *899 and is therefore subject to partition upon liquidation of the partnership's affairs, or whether such property belongs to the partners jointly as owners in common and, for said reason, is not subject to partition incident to dissolution of the partnership.
A complete history of the relationship between the litigants at bar is set forth in Darden v. Cox, 240 La. 310, 123 So.2d 68, wherein, on appeal by plaintiff from an adverse judgment of the trial court, the Supreme Court found and decreed that a partnership existed between the parties involved herein. In said former appeal the Supreme Court further held that plaintiff and defendant were partners in the firm of Hall and Cox and, as such, entitled to share therein in the proportion of 70% to defendant Cox and 30% to plaintiff Darden. In addition, the Supreme Court decreed that plaintiff possesses a proprietary interest in the assets of said firm entitling plaintiff to judicial partition thereof and that, inherent in said right to partition, is plaintiff's right to a full liquidation and settlement of the partnership's affairs which latter prerogative plaintiff may legally assert in this action. In accordance with its said findings, the Supreme Court remanded this matter to the trial court for full and final settlement of the partnership affairs and for a determination of all issues incident thereto.
Pursuant to the mandate of the Supreme Court, the trial court proceeded to adjudicate the differences between the parties and, after a lengthy and prolonged trial which resulted in a transcript of some 1300 pages, rendered judgment, inter alia, in favor of plaintiff, decreeing that 4 certain lots of ground, namely, Lots 5 and 6, Square 14, and Lots 6 and 7, Square 1, Fairfields Subdivision, East Baton Rouge Parish, Louisiana, belonged to the partnership. The trial court further ordered a partition of the partnership assets, directed that all property of the partnership (including the hereinabove described 4 lots of ground) be sold to effect the partition decreed and referred the parties to a Notary to complete the liquidation process.
During the pendency of the initial action, plaintiff prayed for and was granted judicial sequestration of the hereinabove described 4 lots of ground which constitute the principal subject matter of the present appeal. Following plaintiff's application for sequestration of subject property, by stipulation appearing in the record, defendant acknowledged plaintiff's right to sequestration of the property, acquiesced in the issuance of the order of seizure and contracted to pay rental for subject property in the sum of $775.00 per month payable to the Sheriff of East Baton Rouge Parish as custodian of the property under the order of sequestration issued by the District Court.
In the interval which transpired between the issuance of the aforesaid order of sequestration and the ultimate dismissal of plaintiff's initial suit by the trial court, rentals in the aggregate of $13,027.50 accrued and were paid by defendant Cox to the Sheriff. Upon the former trial, however, the District Court found that no partnership existed between plaintiff and defendant and dismissed plaintiff's suit, which said judgment, however, upon appeal by plaintiff, was reversed by the Supreme Court. See Darden v. Cox, supra. Notwithstanding plaintiff's suspensive appeal from said adverse judgment, upon rendition thereof, defendant Cox discontinued further payment of rentals. Following reversal of the judgment of the trial court in favor of defendant Cox and remand of this matter to the District Court for dissolution of the partnership's affairs, the Sheriff of East Baton Rouge Parish intervened in these proceedings and, on the basis of the aforesaid rental agreement, obtained judgment against defendant Cox in the sum of $26,352.00, representing rent accrued at the rate of $775.00 monthly since the date of defendant's discontinuance of such payments.
In addition to rendering judgment against defendant in the sum of $26,352.00 for accrued rentals, the trial court also decreed *900 that the 4 lots of ground in dispute herein belonged to and constituted assets of the partnership and were, therefore, subject to partition along with the remaining partnership assets.
Defendant Cox has appealed the judgment of the lower court contending that our brother below erred: (1) in finding that the 4 lots in question belonged to the partnership between plaintiff and defendant, and (2) in judicially sequestering subject property and ordering defendant to pay rental thereon pending the outcome of this litigation.
The contestants herein are agreed that the decision of the Supreme Court on the appeal taken by plaintiff herein (Darden v. Cox, supra) is decisive of the issue of the existence of a partnership between them. They are further in accord that, in view of the Supreme Court's ruling, the issues presently before this court must be determined on the basis that a partnership exists between these parties, the assets of which are to be shared on the pro rata basis of 70% to defendant Cox and 30% to plaintiff Darden.
In addition to the foregoing, the litigants also agree that the 4 disputed lots involved herein were acquired as follows: Lot 5, Square 14, were acquired by Cox jointly with his former partner, Hall, the latter subsequently conveying his half interest therein to defendant; Lot 6, Square 14, and Lot 7, Square 1, were acquired by defendant Cox individually; Lot 6, Square 1, was acquired in the name of plaintiff individually and conveyed to defendant Cox individually. It is also conceded that all said properties were purchased with partnership funds, carried on the books of the partnership as partnership assets, used in the conduct of the partnership's business and also were frequently listed as partnership assets on financial statements attached to bond applications of the partnership whose business was substantially that of a general contractor. Defendant Cox further concedes (see page 239 of Transcript) his complete control of the books and management of the firm's affairs.
Defendant's contention that the trial court improperly decreed the real property involved herein to constitute assets of the partnership is based on the principle that a partnership created by oral agreement (admittedly the case quoad the partnership between the parties at bar) cannot own real property and, that immovable property acquired individually by a member of a partnership thusly established, though purchased with partnership funds and carried on the books of the firm as partnership property, nevertheless remains either the individual property of the member or property held by the partners jointly as owners in common. In support of this position, learned counsel for defendant relies upon the provisions of LSA-C.C. 2836, 2236 and the following authorities: Calder et al. v. Their Creditors, 47 La.Ann. 346, 16 So. 852; Lake End Lumber Co. v. Walker, 155 La. 783, 99 So. 598; Succession of Chapman, 225 La. 641, 73 So.2d 789; Madison Lumber Co. v. Picheloup, 12 La.App. 196, 125 So. 175.
LSA-C.C. Articles 2836 and 2236, cited by counsel for defendant, read as follows:
"Art. 2836. Form of contract; recordation
"Art. 2836. If any part of the stock of this partnership consist of real estate, it must be in writing, and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendam."

"Art. 2236. Authentic act as full proof of agreement
"Art. 2236. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
While it is quite true as pointed out by able counsel for defendant that Calder et al. *901 v. Their Creditors, supra, and the other authorities hereinabove cited, establish the rule that immovable property acquired in the name of a partnership which cannot own real property or acquired in the individual name of a member of such partnership, with partnership funds and carried on the books of said partnership as a partnership asset, does not become the property of the partnership but must be considered the individual property of the partner in whose name it is acquired, the foregoing pronouncement does not represent the full effect and import of the cited authorities.
For reasons which will hereinafter become manifest some consideration must be given to a study of the common-law rules applicable to the question presently before the court. In common-law jurisdictions real property may not be held by two or more persons other than as joint tenants, coparceners or tenants in common. Consequently, at common law a partnership as such cannot hold legal title to immovable property. However, predicated upon equitable considerations, ownership of real property by a partnership is completely recognized in the majority of common-law states, the general rule being that, as regards partners, how or by whom legal title is held is immaterial except insofar as these factors express or reveal the intention of the parties. 40 Am.Jur., Verbo Partnership, Par. 90, Page 191.
The rule at common law is well but succinctly stated in Vol. 68 C.J.S. Verbo Partnership § 72c(2), page 507, and § 72d, page 508, as follows:
"A deed of realty to partners individually, if unexplained, vests in them equal undivided interests as tenants in common; but real estate standing in the name of the partners as tenants in common may, as between such partners, be shown to be partnership property, and in equity they hold such property according to their interests in the partnership. A joint purchase of land by two individuals does not of itself show a partnership relationship with respect to such land; and, when property is deeded to several members of a partnership individually and there is nothing more to indicate that it is partnership property, there is a strong presumption that ownership is in the individual members of the firm.
"Where title to real property acquired by or for a partnership is taken in the name of one or more of the partners, it is to be regarded as partnership property or held in trust for the partnership, although the grantee or grantees take the legal title. Likewise, where a partner takes in his own name a lease of property rented for partnership purposes, he holds the lease as trustee for the firm. * * *
"Ordinarily, real estate bought with partnership funds, for partnership purposes and appropriated to partnership uses, or entered and carried in the accounts of the firm as partnership assets, is regarded in equity as partnership property, irrespective of the name in which legal title is taken, and even though it is conveyed by such a deed as in other cases would make the interests of the grantees those of tenants in common, at least in the absence of an express agreement, or of circumstances showing an intent that such real estate should be held for the separate use of the partners. This is true whether title is taken in the name of one partner with or without the consent of the others. These rules apply to a purchase from a partner as well as to a purchase from a third person. * * *"
Extension of the common-law rule is to be found in Vol. 40, Am.Jur., Verbo Partnership, Sec. 101, Page 199, as follows:
"The use of partnership funds in the purchase of real property has always been regarded as a most important circumstance bearing upon the question of the intention of the partners to treat *902 such real estate as belonging to the partnership. The fact that the land has been purchased with firm assets has been regarded as raising a presumption that it was intended to form a part of the partnership property, and practically all the authorities agree that the facts that the property was bought with partnership money and that it is used in the partnership business are sufficient to impress upon the property the character of partnership real estate, although the legal title may be in the names of the individual partners."
From the foregoing it will be readily noted that at common law although legal title to property acquired by a partner in his own name but paid for with partnership funds and dedicated to partnership use, rests in the partner individually, equitable title thereto is vested in the partnership whose ownership thereof will be completely recognized irrespective of the status of the legal title. When initially confronted with the precise issue involved in the case at bar, the courts of this state adopted the foregoing common-law rule.
In Baca v. Ramos, 10 La. 417, plaintiff sued to annul (for alleged lesion) the sale of his undivided one-third interest in certain property acquired in the name of a commercial partnership of which plaintiff was a member. The trial court set aside the sale and defendants appealed. In reversing the judgment of the trial court, the Supreme Court held that property acquired by a commercial partnership in its own name with partnership funds constituted the partners owners thereof in common. It also further held that either partner may sell his undivided interest in such property at any time and that the interest of each partner was subject to seizure by his individual creditors. In addition the court adopted the common-law rule differentiating between "legal" and "equitable" title and held that as between partners, property so acquired must be equitably considered partnership property despite the fact legal title thereto may not be held by the partnership but rests in the partners jointly as owners in common and further notwithstanding such property is subject to the claims of the individual creditors of the partners.
Virtually the same question was resolved in May v. New Orleans & C. R. Co., 44 La.Ann. 444, 10 So. 769, wherein the heirs of a deceased member of a commercial partnership attempted to set aside the sale of a one-third interest in a square of ground acquired in the names of the members of a partnership and utilized for partnership purposes. Regarding the ownership of property thusly acquired and utilized, the Supreme Court stated:
"* * * It is equally clear, under the evidence, that this square of ground was bought and paid for with the funds and for the account and use of the partnership. The books of the partnership explicitly show this, and May has never contradicted and could not contradict them, at least without showing fraud. Every fact in the case fully corroborates the books. Such a purchase of immovable property by members of a commercial partnership, with the partnership funds and for the partnership account, though the title be taken in the name of the individual partners, has precisely the same effect as if the title were taken in the name of the partnership. In either case the individual partners became joint owners. Allen v. Whetstone, 35 La.Ann. [846,] 849; Thomas v. Scott, 3 Rob. (La.) 256. But though the legal title vests in the individual partners, and the share of each is liable to seizure for his individual debts, yet as between the partners the property is equitably and practically partnership property. This subject was dealt with by this court in the case of Baca v. Ramos, 10 La. 417, where the title to the immovable was taken in the name of `J. Ramos, A. Baca, and J. Preba, partners trading under the firm and style of J. Ramos and Company.' After the purchase *903 Baca transferred his interest in the partnership to his copartners. He subsequently claimed that this transfer did not divest his ownership of the above immovable, and sued his former partners for a partition thereof. Judge Martin, as organ of the court, said: "The only question which this case presents is whether the house and lot was part of the partnership property. The counsel for plaintiff contends that this is joint property, in which he is a joint owner, and not partnership property. Skillman v. Purnell, 3 La. [494,] 496. The act of sale by which the premises were acquired shows that the purchase was made by the parties to this suit as partners trading under the firm of Joseph Ramos & Co., and a note was given for one-half the price, bearing the signature of the firm. The partners were joint owners, and either of them might have sold his undivided share or interest in the property, which was liable to seizure for his private debts. But, in case of such sale and seizure, he must have accounted to his partners for the price. Neither could he have occupied any part of the property for his private use without compensating his copartners. In fact, the title to one undivided third was in him, but the value thereof belonged to the partnership. When the plaintiff withdrew from the firm, and received a given sum, he relinquished his interest in the value of the house and lot in question to his copartners. He has therefore no right to demand a sale for partition, as immediately after it, the price, being the value of the premises, would instantly become the property of defendants. The distinction which we have taken between the title by which the property is held, and the value thereof, is well known in the other states of the Union, where the common law prevails. These rights are there distinguished by the expressions "legal title" and "equitable title." There courts of equity enforce the rights of the equitable owner by compelling the legal one to make a conveyance to the other, precisely as this court did in the case of Hall v. Sprigg, 7 Mart. (La.) 243.' This case was affirmed, and like principles announced, in a later decision. Thomas v. Scott, 3 Rob. (La.) 256."
Calder et al. v. Their Creditors, 47 La. Ann. 346, 16 So. 852, upon which considerable reliance is placed by esteemed counsel for defendant is, in our judgment, adverse to defendant's contentions. Therein the heirs of one John Calder sued to set aside a cession of property by David R. Calder to his creditors as well as certain other creditors of the firm of John Calder & Company, composed of John H. Calder, John Calder and David R. Calder, owners, in proportion of ½ to decedent John Calder and ¼ to each of the remaining two members. The property involved had been purchased in the name of decedent John Calder but carried on the books of the firm as a partnership asset. The Supreme Court set aside the judgment of the lower court which upheld the validity of the cession. We quote from the decision the following pertinent language:
"The Peters street property, under the evidence, shown to have been acquired during the partnership of John Calder & Co. first subsisting, ending in 1880, it remains to consider the effect of that acquisition, and the control the syndics of David R. Calder can exert with respect to that property. Under our law, a partnership cannot own immovable property. When acquired in the partnership name, or when, by competent proof, it is shown to have been purchased in the name of one of the partners, for the partnership, they become joint owners. The interest of the partners in that partnership was, as already stated, one-half in John Calder, and one-fourth each to John H. and David R. Calder.

*904 The result is that they became the owners, in these proportions, of that property. It follows, too, that no one of these partners could convey more than his interest. All must concur to sell the property, and no cession of one of the partners could have any effect on the shares of his copartners. It is our conclusion, therefore, that the cession of David R. Calder was without effect on the one-half interest of John Calder. Neither D. R. Calder nor his syndic could pass any title to that half. The syndic, by the cession, can control and dispose of the one-fourth only of the Peters street property. Civ. Code, arts. 2825, 2836; Richardson v. Packwood, 1 Mart. (N.S.) [290,] 295; Skillman v. Purnell, 3 La. [494,] 496; Baca v. Ramos, 10 La. [417,] 420; Thomas v. Scott, 3 Rob. (La.) 256; Lee v. Ferguson, 5 La.Ann. 532; Weld v. Peters, 1 La.Ann. [432,] 434. In equity, real estate acquired for the partnership is liable for the partnership debts. This principle has no place in the discussion as to the effect of the cession. That cession made by the partner in a commercial partnership passes the property of the partner, and the better opinion would seem to be that it passes the movable property of the partnership, when made by the partner to pay partnership debts. Tyler v. Their Creditors, 9 Rob. (La.) 372. But, under our law, immovables bought for the partnership must be deemed owned jointly by the individual partners, and cannot be regarded as owned by the partnership. Still, the partners have the right to require the application of such immovables to pay the partnership debts. * * *"
Although the holding in the Calder decision is simply that individual partners may sell their undivided interest in property held in common, the opinion nevertheless affirms the prior jurisprudence which embraces the common-law conception of legal and equitable title to property owned by partners and the rights of the respective partners therein.
Likewise appropos the issue presently before us is Shulsinger v. Maloney, 114 La. 846, 38 So. 581, wherein the effect attributable to entries made on partnership books was an issue before the court. The cited decision holds that stronger proof than that adduced by appellant therein is required to nullify entries made on the books of a partnership or to show error with respect thereto. The court did not expressly so hold but clearly intimated that strong, clear and convincing proof is required to overcome the effects of and presumptions arising from entries on partnership books, especially when a contrary position is advanced by a partner at a late date after many months of operation of the partnership under conditions which have served the partnership purposes.
We submit that the rule announced in Shulsinger v. Maloney, supra, is of peculiar application to the instant case wherein defendant now seeks to deny and contradict entries of long standing upon the books and records of the partnership despite his free and frank acknowledgment of complete control of the partnership's books and accounts.
Defendant's contention that entries on partnership books are inadmissible as being in contravention of those articles of LSA-C.C. which provide that authentic acts are full proof of themselves and prohibit parol testimony tending to contradict such acts are patently without merit in view of the following appearing in Calder et al. v. Their Creditors, supra:
"We are hence met at the threshold of the case with the objection of the plaintiffs to the admissibility of the entries in the partnership books, and other testimony offered by defendants on the issue of title. The objection is based on the provisions of the Code *905 that the authentic act conveying title makes full proof, and prohibiting parol testimony tending to contradict the act, or to establish or affect the title to immovable property. Entries in the partnership books bind the partners. Their admissibility cannot be deemed to infringe on the dignity the law attaches to the authentic act, and manifestly they are not to be viewed as parol proof. We therefore hold the entries admissible. * * *"
The hereinabove cited jurisprudence establishes the rule in this state to be to the effect that, whereas legal title to property, purchased individually in the name of a partner with partnership funds, used in the conduct of the partnership business and carried on the books of the partnership as a firm asset, remains in the partners jointly as owners in common, nevertheless, as between the partners, equitable title thereto is vested in the partnership itself. The correlative of this rule is that property thusly held is considered a partnership asset which, upon dissolution of the partnership, is subject to partition and division along with the remaining assets of the firm in proportion to their respective pro rata interests.
We find no merit in defendant's second contention that since the partners are owners in common, property so held may not be sequestered as a partnership asset in an action to dissolve the partnership, the basis therefor being that in such an action only assets of the partnership may be sequestered by the Court. Obviously, dissolution of a partnership is not to be conducted piecemeal or by successive actions but rather is to be accomplished in a single undertaking which resolves all of the affairs of the partnership completely and entirely.
As previously shown, insofar as the partners are concerned equitable title to property held in the manner shown herein is vested in the partnership to the extent it must be partitioned and divided along with the remaining assets. Any other conclusion would promote a multiplicity of litigation, a result which the courts zealously seek to avoid whenever possible consistent with recognized legal principles.
Defendant's present position challenging the authority of the trial court to issue the sequestration order entered herein is inconsistent with and contrary to the position previously taken by defendant in the trial court. As hereinabove pointed out, defendant not only failed to enter objection to the authority of the court to grant the sequestration requested by plaintiff, but also, by stipulation entered in the record, conceded and acknowledged plaintiff's right thereto, acquiesced therein and voluntarily consented to rent the property from the Sheriff who was responsible therefor from the moment the sequestration was ordered. Tr. Page 46 et seq. Such conduct on the part of defendant effectively estops defendant from presently assuming a contradictory position.
Moreover, it is the settled jurisprudence of this state that under circumstances analogous to those involved in the case at bar, one partner may not occupy any portion of the property thusly held, for his private use, without compensating the other partner therefor. Baca v. Ramos, 10 La. 417.
Judgment affirmed.