411 So.2d 677 (1982)
DECATUR-ST. LOUIS COMBINED EQUITY PROPERTIES, INC. VENTURE and Combined Equity Properties, Inc. and E. Ralph Lupin, M.D.
v.
R. Clyde ABERCROMBIE and Leon J. Impastato.
No. 12706.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*678 James E. Stovall, Jackson & Stovall, New Orleans, for plaintiffs-appellants.
Frank J. D'Amico, A Professional Law Corp., Joseph V. Bologna, New Orleans, for defendants-appellees.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
This is an appeal from a judgment maintaining exceptions of no cause of action and no right of action and dismissing plaintiffs' suit. A motion for new trial was denied and plaintiffs filed a devolutive appeal.
The plaintiffs-appellants are Decatur-St. Louis Combined Equity Properties, Inc. Venture, a Louisiana partnership in commendam, Combined Equity Properties, Inc. and Dr. E. Ralph Lupin. The defendants-appellees are R. Clyde Abercrombie and Leon J. Impastato. Petitioners filed a suit for a declaratory judgment or, alternatively, specific performance, seeking equitable relief against the defendants.
The petition alleges that Decatur-St. Louis Combined Equity Properties, Inc. Venture, is a Louisiana partnership in commendam duly organized under the laws of the State of Louisiana and formerly named Decatur-St. Louis Joint Venture and thereafter named Decatur-St. Louis Lupin Properties Venture; that the original partnership, Decatur-St. Louis Joint Venture was formed in June of 1976 and thereafter acquired properties in the 500 block of Decatur Street for the purpose of restoration and development, including a hotel and associated facilities; that the original partnership of Decatur-St. Louis Joint Venture was comprised of Drs. Arnold Lupin and E. Ralph Lupin and the defendants, Abercrombie and Impastato.
The petition further states that on or about September 1, 1978 the defendants, Impastato and Abercrombie, together with one of the petitioners, Dr. E. Ralph Lupin, purchased the property at 507 Decatur Street by means of an act of sale and resale from the Algiers Homestead Association; that the title to said property was placed in the name of the individuals for convenience only and that the purchase was made, in *679 fact, for the partnership; that the purchase price was paid with partnership funds; and that the three named vendees held said property as fiduciaries and trustees on behalf of the partnership. It is alleged that the partnership paid the taxes and insurance on the property and one of the owners of record, Dr. E. Ralph Lupin, acknowledges and ratifies that the property was purchased in the names of Dr. E. Ralph Lupin and the two defendants for the account of the partnership.
The petition recites various acts of the defendants showing that they acknowledged and ratified that the property at 507 Decatur Street was partnership property. Specifically, the petition refers to a lease executed on September 1, 1978 by the defendant Abercrombie wherein a portion of the subject property was leased to Pazazz Shops, Inc. represented by its secretary-treasurer, Linda D. Abercrombie, with the lessor being named as Decatur-St. Louis Joint Venture and with the defendant, Abercrombie, appearing and signing the lease on behalf of Decatur-St. Louis Joint Venture, which appearance is attested to by an affidavit executed before a Notary Public. It is also alleged that both defendants signed a private placement memorandum for potential investor review which acknowledged that the property at 507 Decatur was partnership property and that both defendants executed an authentic act of amended articles of partnership which again acknowledged and ratified that 507 Decatur was partnership property. Although reference to these various documents was made in the petition it appears that copies of the written instruments were not annexed at the time the petition was filed.
It is alleged that both defendants acknowledged and ratified that the property was purchased on behalf of the partnership by making rental payments and leasehold demands upon the partnership on behalf of the lessee until August 29, 1980 when the defendants ceased to pay rental on the property and asserted that the property was owned by them individually. It appears that the defendants physically changed the locks on the property on January 24, 1981.
The petition seeks a declaratory judgment vesting title to the subject property in the name of the partnership, or in the alternative, specific performance of the amended partnership articles requiring the defendants to transfer their interest in said property to the partnership.
In the further alternative, it is claimed that one of the petitioners, Combined Equity Properties, Inc., purchased the defendants' interest in said partnership on October 3, 1979, that 507 Decatur Street constitutes a portion of defendant's interest in said partnership and, accordingly, was conveyed to Combined Equity Properties, Inc., and relief is requested by declaratory judgment or specific performance of said agreement.
The defendants' exception of no right of action claimed petitioners did not own the property and therefore had no right of action and that the petition stated no cause of action since petitioners were attempting to prove title by parol evidence. The court, without argument, granted both exceptions, and refused to allow the admission of any evidence on the no right of action exception.
Petitioners filed a motion for new trial and annexed to that motion the documents referred to in the petition. The motion for new trial set out various errors complained of, including the failure of the court to allow petitioners to amend their petition. Upon denial of the new trial petitioners filed this appeal.
Our review of the record convinces us that the trial court erred in maintaining the exceptions of no cause of action and no right of action and, accordingly, the judgment of the trial court is reversed, and this case is remanded for trial consistent with the views expressed herein.
Plaintiffs complain that the court erred in not allowing them to present any evidence whatsoever, in not allowing them to interrogate the defendants, nor allowing them to amend their petition in any particular. We agree. Plaintiffs were entitled *680 to introduce evidence in connection with the exception of no right of action. La.Code Civ.Pro. Art. 931; Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979). Further, La.Code Civ.Pro. Art. 934 allows the amendment of a petition when the grounds of the objection pleaded by peremptory exception may be removed by amendment. Plaintiffs should have been allowed to amend in order to allege such other facts as may have cured the defects complained of, and may file amendments to their original petition upon the remand of this case to the trial court.
We find that the petition states several causes of action. The exception of no cause of action must be decided on the face of the petition and everything in the pleadings and attached documents is accepted as being true. The petition asserts a constructive trust on behalf of the partnership. A partner can purchase property in his own name for and on behalf of a partnership, Darden v. Cox, 137 So.2d 898 (La. App. 1st Cir. 1962). Legal title may vest in the individual but equitable title vests in the partnership and a suit for a declaratory judgment is an appropriate action to have the partnership declared to be the owner of the subject property. The Darden case involved an oral partnership and the court held the property purchased in the name of an individual partner but with partnership funds and used in the conduct of the partnership business belonged to the partnership. Although the Darden case involved a judicial partition of the partnership assets it was an action between partners and we find no distinction between that case and the action between partners alleged in the instant case. Plaintiffs should have been allowed to proceed with the proof of this cause of action including the admissibility in evidence of partnership records, cancelled checks, partnership agreements and any other competent evidence admissible for the purpose of proving this claim.
We find that the petition states an alternative cause of action wherein it seeks specific performance of the amended articles of partnership. Copies of these articles filed in this record show they were executed by authentic act, that the defendants were signatories thereto, and that the articles were duly recorded in the public records. The subject property, 507 Decatur Street, is listed in the articles of partnership as property owned by the partnership. The partnership sought specific performance of the defendants' obligations as trustees and fiduciaries of the partnership. Appellant cites the case of W. A. McMichael Construction Co. v. D & W Properties, Inc., 356 So.2d 1115, 1122 (La.App.2d Cir. 1978) in defining the fiduciary duties imposed upon partners and declaring that the fiduciary duty continues through the sale or purchase of a partner's interest or through termination and liquidation of the partnership. Plaintiffs state a cause of action in seeking a judgment ordering the defendants to perform their fiduciary obligations to the partnership as well as to the other partners.
Defendants contend that since the petition and exhibits clearly show that plaintiffs have no written proof of title to real property that the court must, as a matter of substantive law, dismiss the action. Defendants rely upon a long line of cases which hold inadmissible, under the provisions of Art. 2275 of the Civil Code, parol, verbal, or testimonial proof of a claimed title interest. All of the cases cited by defendants excluded the admissibility of verbal claims to ownership of real property and none of them excluded written evidence which would tend to prove that a party other than the owner of record was in fact the true owner of the property.
Counsel for defendants acknowledge in their brief that counterletters are exceptions to the parol evidence rule. Documents executed by the defendants acknowledging ownership of the property in the partnership are admissible, in evidence as counterletters signed by the owners of record. The instruments require no special form except they must be in writing. Counterletters are binding between the parties. (La.Civ.Code Art. 2239).
The trial court should consider the legal effect of the articles of partnership signed *681 by defendants, the affidavit of the defendant Abercrombie acknowledging ownership of the subject property in the partnership and the lease of the property signed by the defendant Abercrombie on behalf of the partnership, to determine whether or not these documents constitute a valid counterletter recognizing ownership of the property in the partnership. Likewise, the testimony of petitioner, Dr. E. Ralph Lupin, one of the owners of record, is admissible as an exception to the parol evidence rule as it does not apply in a controversy between parties on the same side of a written instrument. Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960).
For the reasons assigned the judgment of the trial court is reversed and this case is remanded for trial consistent with the views expressed herein. All costs of this appeal to be borne by defendants-appellees.
REVERSED and REMANDED.